Opinion issued January 9, 2003










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00061-CR




KEITH TYRONE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 822839




MEMORANDUM OPINION
          Appellant plead guilty to the felony offense of aggravated robbery without an
agreed recommendation by the State and was assessed punishment at eight years’
confinement in prison. We affirm.
 

Anders Brief
          Appellant’s counsel has filed a motion to withdraw from any further obligation
as appellant’s counsel. As a prerequisite for presenting this motion, counsel has
submitted a brief stating his opinion that a thorough and complete analysis of the
record revealed the appeal is without merit. Counsel’s brief identifies and provides
argument supporting a number of potential points of error, but concludes that none
of these presented arguable points of reversible error. 
          The brief meets the requirements of Anders v. California, 386 U.S. 738, 744,
87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the record and
stating why there are no arguable grounds of error on appeal. See Gainous v. State,
436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel advised appellant of his
evaluation of this appeal and informed appellant of his right to file his own pro se
brief. Appellant timely filed a pro se brief.
Ineffective Assistance of Counsel
          Broadly construed, appellant’s pro se point of error asserts he was prejudiced
by his trial counsel’s ineffectiveness in allegedly not informing appellant that the
State would not present any witnesses during the sentencing hearing. 
          We review claims of ineffective assistance of counsel under the well-settled
standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). The Strickland test applies to the guilt-innocence and the punishment
stages of trial. Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). 
We review based on “totality of representation” rather than by analyzing isolated acts
or omissions. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under
the Strickland test, appellant must first show that his counsel’s performance was so
deficient that it fell below an objective standard of reasonableness. See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. Appellant must then prove, by a preponderance
of the evidence, that he was prejudiced by his counsel’s conduct, by showing a
reasonable probability that, but for the counsel’s errors, the result of the proceeding
would have been different. See id.; Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). A “reasonable probability” is defined as a probability sufficient
to undermine confidence in the outcome. Thompson, 9 S.W.3d at 812. Furthermore,
appellant must overcome the presumption that the challenged action might be
considered sound trial strategy under the circumstances. See Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
          Appellant’s trial counsel secured a bond for appellant and filed several motions
and made several appearances on appellant’s behalf before the sentencing hearing. 
At the hearing, trial counsel questioned both appellant and his mother vigorously in
support of his request for probation and argued for probation. Appellant disregards
this totality of representation and focuses on a single aspect of his sentencing hearing. 
Appellant contends he was not aware that the State would not present any witnesses
at the sentencing hearing and claims he would not have taken the stand on his own
behalf or had his witness, his mother, testify on his behalf if he known this. Nothing
in the record establishes or suggests that appellant was not aware that the State had
no witnesses. Likewise, nothing establishes or suggests that appellant would not have
testified had he been aware. Appellant nevertheless claims his counsel “was not
working toward [appellant’s] best interest,” presumably, by having appellant take the
witness stand at the sentencing hearing and by having his mother testify as well. 
          Even if appellant could establish that his trial counsel was deficient by failing
to alert him that the State would not present any witnesses at the sentencing hearing,
appellant has not shown he was harmed by his or his mother’s testifying. If anything,
the record suggests appellant benefitted from both testimonies. Before sentencing
appellant, the trial court expressed appreciation to him “for being apparently honest”
in answering questions and acknowledged she had also received many letters
recommending probation for appellant, but further noted that almost all of the letters
dealt with “the Keith Williams of about four years ago, five years ago.” In sentencing
appellant, the trial court indicated she expected more responsible behavior of a person
of appellant’s age and education. Aggravated robbery is a first-degree felony that
permits a prison sentence ranging from a life to any term not more than 99 years or
less than five years. See Tex. Pen. Code Ann. §§ 12.32(a), 29.03(b) (Vernon 2002). 
Appellant’s eight-year sentence is just three years more than the minimum authorized. 
Appellant has not shown any harm resulting from his trial counsel’s representation.
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court and grant appellant’s appointed
counsel’s motion to withdraw.
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Justice Taft, Alcala, and Price.