In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01221-CR
____________

JUAN M. SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 854,430




MEMORANDUM OPINION
          Juan A. Salazar, appellant, was indicted for the felony offense of aggravated sexual
assault of a child. Appellant pled guilty without an agreed recommendation by the State. 
Following the presentence investigation, the trial court assessed punishment at 12 years
confinement in the Texas Department of Criminal Justice Institutional Division. Appellant’s
sole point of error contends that his trial counsel was ineffective. We affirm.
Discussion
Standard of Review
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Appellant has the burden
to prove that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) but for the counsel’s error, the result
of the proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Thompson, 9 S.W.3d at 812. Defendant must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial strategy. Strickland,
466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813.
Voluntariness of the Plea
           Appellant contests the voluntariness of his guilty plea. He claims that his trial
attorney was ineffective and advised him incorrectly regarding his eligibility for probation,
which induced him to enter his guilty plea. A claim that he was misinformed by his defense
counsel, standing alone, is not enough to lead a reviewing court to the determination that the
plea was involuntarily given. Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d). Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id.
           At the original plea hearing, appellant signed plea papers indicating that he understood
the consequences of his plea after consulting with his trial attorney and that he was entering
his plea knowingly and voluntarily. The trial court’s written comments on the plea papers
reiterate appellant’s awareness by stating, “Defendant said he understood no promises were
made and judge would consider entire range of punishment. He said attorney told him
probation possible, but not likely.” There is no record of the plea nor is there testimony from
appellant or his lawyer to suggest that he was misinformed about the range of his sentence.
           To find that trial counsel was ineffective based on the asserted grounds would call for
speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); Gamble, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Therefore, the first prong of the Strickland test has not been satisfied. Accordingly, we
overrule appellant’s point of error.
Conclusion
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish.