In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00379-CR
____________

RODNEY WAYNE RUGELEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 1095404




MEMORANDUM OPINION
           Rodney Wayne Rugeley, appellant, was charged by information with the offense of
assault of a family member. Appellant pled not guilty, requested a trial by jury, and
punishment by the Court. The jury found appellant guilty, and the court assessed his
punishment at one year confinement in the Harris County jail and a $300 fine. The trial court
suspended appellant’s sentence and placed him on community supervision for one year. 
Appellant filed a timely notice of appeal and a motion for new trial requesting a hearing. 
After appellant’s hearing, the trial court denied his motion for new trial. Appellant raises
three issues on appeal claiming that (1) the trial court erred in overruling his motion for an
instructed verdict because the evidence was legally and factually insufficient to support the
verdict, (2) the trial court erred in denying his motion for new trial because he was denied
effective assistance of counsel, and (3) he was denied the right to confront witnesses against
him at trial.
Background
           On August 1, 2001, Houston Police Officer James Tudyk received a disturbance call
and was dispatched to an apartment complex. Tudyk met with the complainant, Tenessa
Taylor, who explained that appellant, her common-law husband, assaulted her because she
had ended their relationship. Taylor told Tudyk that appellant pushed her onto the couch,
grabbed her head and hair, and pushed her face into the couch. Taylor stated that appellant
then closed his hands around her neck and began to choke her. Taylor also said that
appellant finally released her, took one of her two children, and left the premises. Tudyk
observed Taylor to have several injuries, including a swollen and discolored left eye and a
swollen upper lip. At the end of the investigation, Tudyk gave Taylor several phone numbers
of agencies that offered assistance to victims of domestic violence.
           On August 2, 2001, Taylor met with Houston Police officer Michael Rone, who was
assigned to the Homicide Division Domestic Violence Unit. Rone interviewed Taylor
regarding the assault, obtained a written statement from Taylor, and took photos of Taylor’s
injuries. On August 7, 2001, appellant voluntarily met with Houston Police Officer Michael
Royer working in the same domestic violence unit and gave an audio-taped statement. In that
statement, appellant denied strangling Taylor, pulling her hair, pushing her, or putting her in
a headlock. Appellant admitted that he covered Taylor’s mouth because she was screaming. 
Although appellant claimed that Taylor struck him, Royer did not observe any injuries on
appellant.
Discussion
Legal and Factual Sufficiency
           In his first point of error, appellant claims that the trial court erred in denying his
motion for instructed verdict because the evidence was legally and factually insufficient to
support his conviction. Appellant claims that Tudyk’s testimony regarding Taylor’s account
of the events was hearsay and should not have been admitted. He claims that, without
Tudyk’s testimony, there is no evidence to prove appellant assaulted Taylor.
           The standard for reviewing the legal sufficiency of the evidence is whether, after
reviewing the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). Although our analysis
considers all evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the jury. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
           In reviewing the evidence on factual sufficiency grounds, we ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Id.
at 563. We must avoid substituting our judgment for that of the fact finder. Id.
           Tudyk testified as follows: Taylor informed him that appellant had assaulted her
because she ended their relationship; Taylor told him that appellant pushed her onto the
couch, grabbed her head and hair, and pushed her face into the couch; and Taylor stated that
appellant attempted to strangle her with his hands. Tudyk observed that Taylor had several
injuries, including a swollen and discolored left eye and a swollen upper lip. Tudyk’s
observations were substantiated by Rone’s photographs depicting Taylor’s injuries. 
Appellant did not testify at trial, nor did he call any witnesses in his defense.
           We conclude, after reviewing the evidence in the light most favorable to the verdict,
that a rational trier of fact could have found that appellant assaulted Taylor, his common-law
wife. Furthermore, after reviewing all of the evidence presented at trial, we also conclude
that the evidence is not so weak as to render the jury’s verdict manifestly unjust, nor is the
State’s evidence greatly outweighed by contrary proof. We overrule appellant’s first point
of error.
Ineffective Assistance of Counsel
           In his second point of error, appellant claims that the court erred in denying his motion
for new trial because he was denied effective assistance of counsel. Specifically, appellant
claims that his trial counsel was ineffective in the following instances: (1) failing to locate
and interview Taylor, (2) failing to object to Tudyk’s testimony regarding Taylor’s version
of the events, (3) introducing appellant’s recorded statement, (4) failing to present Taylor as
a witness, and (5) failing to present Taylor’s affidavit of non-prosecution to the State.
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
Sixth Amendment and (2) but for the counsel’s error, the result of the proceedings would
have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d
at 812; Gamble, 916 S.W.2d at 93. 
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. Defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813;
Gamble, 916 S.W.2d at 93.
           In this case, the trial court held a hearing on the motion for new trial, giving appellant
an opportunity to develop a record to support his ineffectiveness claim. At the hearing,
Taylor testified that, prior to trial, she had no contact with Randy Martin, appellant’s trial
counsel. Taylor testified that she not only made herself available to testify at trial, she
drafted an affidavit stating she no longer wanted to press charges against appellant. Taylor
claimed that, although she gave a copy of the affidavit to the assistant district attorney and
appellant, neither the State nor Martin contacted her regarding the affidavit.
           At the hearing, appellant testified that he gave Martin a copy of the affidavit, but that
Martin stated the affidavit would not be helpful to his defense. Appellant also testified that
he had an idea of where to locate Taylor at the time of trial. Appellant admitted speaking to
Martin prior to trial regarding trial strategy, and stated that it was Martin’s last minute
decision not to present a defense. Appellant claimed that he told Martin that Taylor had
recanted her assault allegations to his mother and sister. However, appellant admitted that
Taylor was the only other person having personal knowledge of the events on the day of the
assault.
           1. Trial Strategy
           Martin testified that his defense of appellant consisted of “knocking holes” in the
State’s case. Martin felt that the best strategy was not to present a defense because the 9-1-1
tape did not mention the assault, the jury heard appellant’s voluntary, recorded statement
denying the allegations, and there were no conflicts or discrepancies between the 9-1-1 call
and Taylor’s statement to Tudyk.
           Martin testified that he never tried to contact Taylor because appellant insisted up until
the day of trial that he had no idea where to locate Taylor. Martin testified that he informed
appellant that even if Taylor were to testify on his behalf, he believed the State would
impeach her with her sworn testimony claiming appellant assaulted her. Martin stated that
appellant then agreed with him that it would be better if Taylor did not testify at trial. Martin
also denied ever seeing Taylor’s affidavit of non-prosecution and stated that if he had seen
it, he would have kept it and used it to impeach Taylor if she testified against appellant.
           2. Failure to locate and interview witnesses
           Appellant contends that Martin was ineffective for failing to locate, interview, and
present Taylor as a witness. Criminal defense counsel has a responsibility to seek out and
interview potential witnesses, and the failure to do so is considered ineffective assistance of
counsel when inaction precludes the accused from advancing a viable defense. Ex parte
Duffy, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980), overruled on other grounds, Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). Although appellant now claims that
Martin should have subpoenaed Taylor to testify, appellant testified at the hearing that he
agreed with Martin that Taylor would not be a credible witness and should not testify. 
Appellant also testified that Taylor was the only other person who had personal knowledge
of the events.
           3. Failure to Object
           Appellant also claims that Martin was ineffective for failing to object to Tudyk’s
testimony regarding Taylor’s version of the events because Tudyk’s testimony was hearsay
and violated appellant’s right to confrontation. The record is silent as to why appellant’s trial
counsel did not object to Tudyk’s testimony. See Gamble, 916 S.W.2d at 93. To find that
trial counsel was ineffective based on the asserted grounds would call for speculation, which
we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble,
916 S.W.2d at 93.
           4. Introduction of Appellant’s Audio-Taped Statement
           Appellant also claims that Martin was ineffective by offering his audio-taped
statement into evidence and publishing it to the jury. At the hearing, Martin testified that his
defense strategy consisted of “knocking holes” in the State’s case. Martin testified that he
felt the best strategy was to publish the statement because it allowed appellant to deny the
charges against him without subjecting appellant to testifying and to harmful cross-examination that might reveal appellant’s criminal history.
           5. Failure to Present Taylor’s Affidavit of Non-Prosecution to the State
           Appellant claims that Martin was ineffective in not presenting Taylor’s affidavit of
non-prosecution to the State. Martin testified that he did not receive a copy of Taylor’s
affidavit of non-prosecution. Martin further testified that had he received a copy of the
affidavit, he would have kept it in his case file in order to impeach Taylor if she had testified
against appellant. Additionally, Taylor testified that she provided a copy of the affidavit to
the State. Therefore, it would not have mattered whether Martin had given a copy of the
affidavit to the State because the State presumably already had a copy.
           In light of the testimony at appellant’s motion for new trial hearing, appellant was
unable to overcome the presumption that he was rendered effective assistance of counsel. 
We overrule appellant’s second point of error.
 
 
 
Right to Confront Witnesses
           In his third point of error, appellant claims that he was denied the right to confront
Taylor.


 The right of an accused to be confronted with the witnesses against him is a
constitutional right. See Carroll v. State, 916 S.W.2d 494, 496-97 (Tex. Crim. App. 1996). 
However, while the right of an accused to be confronted with witnesses against him is a
constitutional right, it is well settled that even a constitutional right may be waived if not
properly preserved. See id. A defendant waives his constitutional right to confront witnesses
if he does not make a timely and specific objection at trial on the basis of his right to
confrontation. See Tex. R. App. P. 33.1(a); see also Dewberry v. State, 4 S.W.3d 735, 752
(Tex. Crim. App. 1999). Appellant did not object to Taylor’s absence from trial and
therefore has not preserved this complaint. We overrule appellant’s third point of error.
Conclusion
           We affirm the trial court’s judgment. 
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).