Opinion issued March 4, 2004
















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00267-CR




DENNIS RAY SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 36,716




MEMORANDUM OPINION
          Appellant, Dennis Ray Smith, following his plea of not guilty, was found guilty
by a jury of the felony offense of arson. The jury assessed his punishment at
confinement for seven and one-half years. Appellant, in five points of error, asserts
that he was denied effective assistance of counsel and that the prosecutor committed
misconduct by suggesting that appellant was a “mean drunk” during his direct
examination of the complainant.
BACKGROUND
          Lashonada Jackson-Donahue has twice been in a relationship with appellant. 
The first was for a period of three years, lasting from 1997 until 2000. The second
relationship lasted from 2001 until early 2002, when she told appellant that the
relationship was over because he had assaulted her.
          On July 21, 2002, Donahue and her three children moved into a new house
located at 411 Fannin Street in Richmond, Texas. That night, appellant called
Donahue at her new house. He had previously made phone calls to Donahue, but she
did not answer the phone. This time, one of the movers answered the phone and gave
it to her. Donahue testified that appellant told her that he was going to burn her house
down. This phone call took place at approximately 10:00 p.m. Donahue called the
police department to report the incident, and Officer Jason Barker was sent to her
house to investigate. Barker made a report on the incident and asked for appellant’s
phone number so he could ask appellant to cease calling. Barker testified that he left
a voice-mail message instructing appellant to cease calling Donahue.
          At approximately 11:30 that night, while Donahue was unpacking, she looked
outside and saw appellant pouring what she believed was gasoline from a gas can by
her front door. She immediately called 9-1-1 to let the police know that appellant was
at her house. While making the call, Donahue saw the flames from under her door and
told the dispatcher that her house was on fire. The dispatcher told Donahue to leave
the house. Donahue instead opted to put out the fire using several large bowls of
water. The fire scorched two mats that were on the concrete front porch.
          Donahue told the dispatcher that appellant had left in a blue Nissan Maxima. 
Corporal Victor Garcia, who was proceeding toward 411 Fannin after receiving the
initial dispatch, saw a blue Nissan Maxima leaving from the direction of 411 Fannin.
The car did not have its lights on, and its trunk was slightly ajar. Garcia testified that
it had been less than a minute since he had received the dispatch call when he saw the
Maxima. Garcia turned on his siren and lights, and when the car stopped, Garcia
arrested appellant, who was the driver. Garcia noticed a gas can on the driver’s side
front floorboard of the car. Sergeant Jesse Martin, who assisted Garcia in
handcuffing appellant, saw both the gas can and a book of matches in the car. Martin
retrieved both. A cigarette lighter was also found underneath the driver’s seat of the
car during its inventory.
          Martin, accompanied by Fire Chief Stephen Noto and arson investigator
Burciaga went to Donahue’s house to obtain a statement and investigate the scene. 
Both Martin and Noto testified that there was a strong smell of gasoline around the
front porch. Martin noted the burned door mats by the front door. 
          Noto and Fire Marshall Robert Brown interviewed appellant at the Fort Bend
county jail. Before they spoke to appellant, Brown read appellant his Miranda rights
from a blue card, which appellant then signed, indicating a waiver of those rights. 
See Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966); see also
Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2003). Noto also
read appellant the Miranda rights printed on the statement form itself and appellant
signed the form. In his statement, appellant admitted that he took a gas can out of the
trunk of his car, poured gasoline on the welcome mat in front of Donahue’s house,
and set the mat ablaze with a piece of paper and a red lighter.
DISCUSSION
Ineffective Assistance of Counsel
          Appellant, in his first four points of error, argues that he received ineffective
assistance of counsel due to (1) his trial counsel’s stipulation to the State’s scientific
evidence: a laboratory report that indicated that gasoline was used in the fire and that
gasoline was also present on appellant’s shoe; (2) his trial counsel’s stipulation to
prior convictions during the punishment phase of the trial; (3) his trial counsel’s
failure to adequately present his closing arguments on behalf of appellant; and (4) his
trial counsel’s failure to object to the State’s misconduct of arguing outside the record
during closing.
Standard of Review
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Appellant must show
that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth amendment, and (2) but for the counsel’s error,
the result of the proceedings would have been different. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064; Thompson, 9 S.W.3d at 812; Gamble, 916 S.W.2d at 93. 
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
          The record is silent concerning why appellant’s trial counsel stipulated to the
State’s scientific evidence regarding the laboratory analysis, stipulated to appellant’s
prior convictions, failed to object to the State’s closing argument, and chose to have
a short closing argument. See Gamble, 916 S.W.2d at 93. To find that trial counsel
was ineffective based on the asserted grounds would call for speculation, which we
will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Gamble, 916 S.W.2d at 93. We overrule appellant’s first through fourth points of
error.
Prosecutorial Misconduct
          Appellant, in his fifth point of error, asserts that the State committed
prosecutorial misconduct by soliciting testimony that appellant was a “mean drunk”
during direct examination of Donahue. Appellant failed to object to the prosecutor’s
question at trial, and therefore waived his right to complain about this issue on
appeal. Tex. R. App. P. 33.1. We overrule appellant’s fifth point of error.
 
 
 
 
 
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).