NUMBER 13-03-179-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





ROLANDO GALVAN NAVARRO,                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 275th District Court
of Hidalgo County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo

Memorandum Opinion by Justice Castillo

         A jury convicted Rolando Galvan Navarro of one count of aggravated robbery
and one count of robbery.


 The trial court sentenced him to seventeen years 
confinement in the Institutional Division of the Texas Department of Criminal Justice
for the aggravated robbery and six years for the robbery. It ordered the sentences to
run concurrently. In a single issue, Navarro contends his trial counsel was ineffective
in not seeking a severance of the two counts or, alternatively, for not requesting a jury
instruction on criminal episode. We affirm. 
I. BACKGROUND
         The trial court has certified that Navarro has the right of appeal. See Tex. R.
App. P. 25.2(a)(2). This is a memorandum opinion not designated for publication. The
parties are familiar with the facts. We will not recite them here except as necessary
to advise the parties of our decision and the basic reasons for it. See Tex. R. App.
P. 47.4. 
         The indictment in this case charged Navarro with two separate aggravated
robberies that allegedly occurred about two months apart. In count one, the
indictment alleged Navarro robbed a man at knife point. Testimony at trial indicated
that the offense occurred in the parking lot of an apartment complex behind a Globe
store in McAllen, Texas. The second count alleged Navarro robbed another man at
gun point. The evidence showed that the second offense occurred in the parking lot
of the same Globe store. The trial court charged the jury on aggravated robbery and
the lesser-included offense of robbery on each count. The jury found Navarro guilty
of aggravated robbery in the first count and of robbery in the second count. Navarro
did not file a motion for new trial. Thus, there is no record before us of any
evidentiary hearing regarding trial counsel's overall performance and trial strategy. 
II. DISPOSITION
         A claim of ineffective assistance of counsel must be firmly supported in
the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
When determining the validity of a defendant's claim of ineffective assistance
of counsel, we must be highly deferential to trial counsel and avoid the
distorting effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). We presume counsel's performance was the result of sound or
reasonable trial strategy. Strickland v. Washington, 466 U.S. 668, 688 (1984);
Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We will not base
a finding of ineffectiveness on speculation. Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.–Houston [1st Dist.] 1996, no pet.). On this record, we conclude that
Navarro has failed to establish that his trial counsel was ineffective. Without a record
of trial counsel's overall performance and strategic decisions, we cannot determine if
counsel's performance was objectively deficient or if it created an unnecessarily
disadvantageous result.


 See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Navarro has not rebutted the presumption he was adequately
represented. See id. We overrule Navarro's sole issue. 
 III. CONCLUSION
         Having overruled Navarro's sole issue on appeal, we affirm the judgment and
sentence of the trial court. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 13th day of May, 2004.