Opinion issued May 20, 2004
 
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01345-CR




NICHOLAS AMBRIZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 898883




MEMORANDUM OPINION
          Appellant, Nicholas Ambriz, pled not guilty to a charge of aggravated assault. 
A jury found him guilty and assessed his punishment at probation for five years and
a fine of $6000. Appellant contends that his trial counsel was ineffective because he
did not object to the introduction of polygraph evidence. We affirm.
BACKGROUND
          Magdeleno Martinez fathered a child, Joshua, with appellant’s sister. They had
shared custody of Joshua, but, after appellant’s sister indicated that she might marry
another man and take Joshua to Peru, Martinez initiated a child custody lawsuit. On
August 17, 2001, appellant and Martinez had an argument regarding the lawsuit,
during which Martinez said that appellant had no right to intervene because appellant
had given his own son up for adoption. This argument took place at appellant’s
sister’s house, where Martinez was attempting to pick up Joshua for a visit. 
          On August 25, Martinez was celebrating his purchase of a house by drinking
beer on its front lawn with two of his friends. At about 1:15 in the morning of August
26, appellant drove up in his car and threatened Martinez. Martinez told appellant to
get off of his property and appellant left. However, about 20 minutes later, appellant
returned with two friends. After appellant and his friends got out of the car, 
appellant rushed up to Martinez and began to hit him. Martinez fell to the ground and
appellant continued punching him. Appellant then attempted to gouge out Martinez’s
eye. When Martinez attempted to grab appellant’s hand to prevent him from eye-gouging, appellant grabbed Martinez’s hand, bit his finger off, and spat the finger out. 
Appellant’s friends tried to convince appellant to leave at this point, but appellant
only left after Martinez picked up a pipe and swung it at him. Martinez’s finger could
not be reattached.
DISCUSSION
          Appellant, in his sole point of error, argues that his trial counsel was ineffective
because he did not object when the State introduced evidence of a polygraph
examination of appellant. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment, and
(2) but for the counsel’s error, the result of the proceedings would have been
different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55
(Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston
[1st Dist.] 1996, no pet.). 
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. The
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93.
          Appellant testified, during his direct examination, that Steven Sluder, a
Houston Fire Department investigator, contacted him about the allegations of
aggravated assault. Appellant agreed to go to Sluder’s office to write a statement
about the incident that occurred on August 17. Sluder asked appellant questions
about what had happened on August 25, but appellant did not write a statement for
that date. Sluder also took a photograph of appellant. Appellant testified that he also
“volunteered to do a polygraph.” Appellant testified that he took the polygraph exam
and was asked questions about the aggravated assault. He further testified that the
results of the examination were inconclusive because of his breathing. 
          The State called William Sivley, the polygraph examiner who conducted
appellant’s polygraph examination, as a rebuttal witness. Sivley testified about how
a polygraph examination is administered and how certain actions, such as moving and
taking deep breaths, can affect the outcome of the exam. Sivley stated that he gave
appellant instructions before the start of the examination, which included warning
him not to move or breath deeply and appellant indicated that he understood the
instructions. Sivley testified that appellant breathed deeply when asked questions
which related to the assault, affecting the results and preventing Sivley from being
able to determine whether appellant had answered the questions truthfully. No
objection was raised to Sivley’s testimony.
          Defense counsel, in cross-examination of Sivley, emphasized that appellant had
volunteered to take the polygraph examination and could have stopped taking it at
any time. Defense counsel also elicited testimony from Sivley that many different
factors can cause an inconclusive test result.
          The record is silent as to why appellant’s trial counsel did not object to the
testimony regarding the polygraph examination. See Gamble, 916 S.W.2d at 93. To
find that trial counsel was ineffective based on the asserted grounds would call for
speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994); Gamble, 916 S.W.2d at 93. 
          We overrule appellant’s sole point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).