**William C. GAMBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–00244–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 8, 1996.

Frank Blazek, Huntsville, for appellant.

Philop L. Hall, Huntsville, for appellee.

Before MIRABAL, HUTSON–DUNN and HEDGES, JJ.

**OPINION**

MIRABAL, Justice

The jury found appellant William C. Gamble guilty of burglary of a motor vehicle, found two enhancement paragraphs to be true, and assessed punishment at 39–years confinement. We affirm.

On July 21, 1994, the contents of complainant's purse were removed from her vehicle through an open window while the vehicle was parked at a gas station. The burglary was recorded on the gas station's video security system and witnessed by an employee of the store, Herman Halcomb. In addition, the complainant saw appellant immediately before and immediately after the burglary. Appellant was detained later that evening for the burglary, and both complainant and Halcomb identified appellant as the person who committed the burglary.

In a single point of error, appellant asserts he was denied effective assistance of counsel for seven reasons:

A. Trial counsel conducted inadequate voir dire.

B. Trial counsel failed to object to inadmissible hearsay.

C. Trial counsel failed to object to the admission of an extraneous offense.

D. Trial counsel failed to object to a comment on appellant's post-arrest silence.

E. Trial counsel failed to object to improper jury argument, and to the prosecutor arguing outside the record and suggesting an extraneous offense.

F. Trial counsel failed to object to opinion testimony that appellant was guilty.

G. Trial counsel failed to object to the in-court identification of appellant being the result of a tainted show up.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). Appellant must show both (1) that counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment, and (2) that but for the counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

It is the defendant's burden to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2064.

There was no motion for new trial hearing in the instant case, and therefore the record is silent as to why appellant's trial counsel conducted voir dire as he did and failed to object in the complained-of circumstances. To find that trial counsel was ineffective based on any of the asserted grounds would call for speculation, which we will not do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994).

Due to lack of evidence in the record concerning trial counsel's reasons for conducting voir dire as he did and for not objecting to certain testimony and argument, we are unable to conclude that trial counsel's performance was deficient. Appellant has not rebutted the presumption that trial counsel made all significant decisions in the exercise of reasonable professional judgment.

We affirm the judgment.