NUMBERS 13-00-038-CR and 13-00-039-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

MICHAEL GLENN ERSKINE , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 212th District Court

of Galveston County, Texas.

___________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


A jury convicted appellant of two counts of sexual assault of a child and sentenced him to fifteen years in prison. By one
issue appellant complains of ineffective assistance of counsel. We affirm.

The victim, J.B., was a fourteen-year-old girl who babysat appellant's children. On July 23, 1994, J.B. and her family
visited appellant at his beach house in Crystal Beach, Texas. While J.B. was in the bathroom taking a shower appellant
threw her to the floor and had sex with her. On August 25, 1994, appellant drove J.B. to his home in Friendswood and had
sex with her in that house. Appellant testified and denied having sex with J.B.

By his sole issue appellant complains that he received ineffective assistance of counsel during the guilt-innocence phase of
the trial. 

Appellant argues that trial counsel was ineffective because he introduced into evidence a pair of purple panties and allowed
his witness, Jessica Sager, to testify that he provided her and Amanda Johnson with alcoholic beverages. Appellant argues
that this evidence tended to implicate him in the extraneous sexual assault of Amanda Johnson. The sequence of events
giving rise to this complaint is a bit convoluted.

When defense counsel cross examined the victim he asked her about a pair of purple panties that had been marked as
evidence. The panties had been brought into the courtroom along with other evidence collected, several items of girls
clothing.

The victim testified that the panties did not belong to her, but belonged to her friend, Katy. The panties were admitted as
evidence and published to the jury. Attached to the panties was a police property tag, which indicated that the panties were
evidence that had been collected in a sexual assault case, but not in the present case. The tag did not implicate appellant,
but indicated that it was evidence collected in a different sexual assault case involving a girl named Amanda Johnson,
which had occurred in September of 1994 at Crystal Beach.

Later in the trial defense counsel called Jessica Sager to testify. During the State's cross-examination she testified that
appellant had entertained herself and her friend, Amanda Johnson, at appellant's beach house at Crystal Beach, and that he
had bought alcoholic beverages for the girls and drank with them.

While the jury was deliberating at the guilt-innocence phase it sent out three notes to the trial judge. The notes inquired
about the panties, about appellant's purchase of liquor for Jessica Sanger and Amanda Johnson, and asked "Who is . . .
Amanda Johnson?" Appellant contends that trial counsel's admission of the panties bearing the police property tag, which
indicated that they related to a sexual assault of Amanda Johnson, had the effect of implicating him in that assault, and
thus, caused evidence of an extraneous offense to come before the jury.

To prove ineffective assistance of counsel the defendant must show (1) counsel's performance was so deficient that he was
not functioning as acceptable counsel under the Sixth Amendment, and (2) but for counsel's error, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). The defendant must
overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. 
Id. at 689. A claim of ineffective assistance of counsel must be firmly supported by the record. McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). An appellate court will not make a finding of ineffectiveness based on
speculation. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

In the absence of evidence to the contrary we will presume that trial counsel's actions were strategic. See Strickland, 466
U.S. at 689. Defense counsel introduced the evidence regarding the purple panties to impeach the competence of the lead
investigator in this case. His error was failing to remove the property tag from the panties which linked them to a sexual
assault of Amanda Johnson in the Crystal Beach area at approximately the same time period as the instant sexual assaults. 
Jessica Sager's testimony placing Amanda Johnson with appellant consuming alcohol does not suggest a connection
between the Amanda Johnson assault and the sexual assaults at issue in this case. In the absence of evidence to the
contrary, we cannot presume that counsel's actions in introducing the purple panties was not a part of trial strategy, however
ill-fated its eventual consequences. The tag does not mention appellant. Appellant has produced no evidence showing that
trial counsel should have anticipated that Jessica Sager's testimony would link appellant to the Amanda Johnson assault. 
Although counsel's trial strategy was questionable, the record is not adequately developed for us to conclude that actions
fell below the standard of reasonably competent trial counsel.

Furthermore appellant has not shown that but for these errors, the result of the proceeding would have been different. 
Although the property tag on the panties mentioned Crystal Beach, where appellant's beach house was located, the tag did
not mention appellant, and it made no reference to anything that directly linked appellant to involvement in a sexual assault
of Amanda Johnson. Further the court admonished the jury not to consider the matter. Generally we presume the jury
follows the trial court's instructions in the manner presented. Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App.
1998). Even if counsel was deficient in not removing the tag and introducing the panties into evidence there is no showing
that these mistakes affected the outcome of the trial. 

To the extent that appellant argues trial counsel was ineffective for allowing admission of the evidence that appellant
bought alcohol for and drank with Jessica Sager and Amanda Johnson, both of whom were under eighteen years old at the
time, we also hold that this conduct does not amount to ineffective assistance. While that evidence was inadmissible,
appellant has not shown that there is a reasonable probability that, but for this error, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 687. We hold that appellant has not shown that counsel's performance has
prejudiced him as required by Strickland. See Id. at 687. We overrule the issue.

We AFFIRM the judgment.





J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 3rd day of May, 2001.