Opinion issued September 26, 2002








 




In The

Court of Appeals

For The

First District of Texas






NOS. 01-01-01054-CR 

 01-01-01055-CR






TOMMIE LEE SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 334th District Court

Chambers County, Texas

Trial Court Cause Nos. 11315 and 11316 






O P I N I O N


 A jury found appellant, Tommie Lee Smith, guilty of possession with intent
to deliver at least 400 grams of cocaine (cause no 01-01-01054-CR) and possession
of between 5 and 50 pounds of marihuana (cause no. 01-01-01055-CR). The trial
court assessed punishment at 25-years confinement and a $2500 fine for possession
of cocaine and 10-years confinement and a $1500 fine for possession of marihuana. 
We affirm.

Background

 On January 26, 2000, DPS for Trooper Thomas Williams stopped appellant,
who was driving a pick-up truck, for speeding. Appellant was towing a trailer
carrying a Ford Mustang belonging to Terry Little of Alabama. (1) Appellant was
accompanied by a woman, Tisha Mayes, and her five-month-old child. Trooper
Williams asked questions of appellant and Mayes about the ownership of the Mustang
and where they were going; he received conflicting answers from the two. Trooper
Williams determined that the Mustang was the subject of a previous dispatch alerting
troopers that it was suspected of use in drug trafficking. Williams then asked
appellant for consent to search the pick-up and the Mustang. Appellant agreed. A
canine officer came to the scene, and his dog alerted on the presence of narcotics in
the Mustang. The search revealed 8 to 10 pounds of marihuana and a kilogram of
cocaine in the right front tire of the Mustang.

Ineffective Assistance of Counsel

 In his sole point of error, appellant contends that he received ineffective
assistance of counsel at trial because trial counsel did not object to several portions
of the arresting officer's testimony, which he contends contained inadmissible
hearsay. 

 In reviewing the effectiveness of counsel, we apply the usual Strickland
standard of review, which requires that appellant show both deficient performance by
counsel and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App.
1999). There is a strong presumption that the counsel's conduct was reasonable. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2064. A claim of ineffective assistance of
counsel must be firmly found in the record. Thompson, 9 S.W.3d at 813.

 Appellant contends that his attorney should have objected when the arresting
trooper testified about (1) statements made by Mayes at the time of the arrest, and (2)
statements made by the DPS dispatcher and other troopers to the arresting trooper. (2)

 It is doubtful that any of the testimony would have been subject to a proper
objection. Hearsay is defined as: "a statement, other than one made by the declarant
while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted." Tex. R. Evid. 801 (d). Mayes' statements were not offered to show
that her version of the facts was, in fact, true. Rather, her statements were offered to
show that, because of the conflict with between her statements and appellant's 
statements, the police continued their investigation. Similarly, the dispatcher's
statements were not offered to show that they were true, but were offered to show
why Trooper Williams conducted his investigation as he did after initiating the stop.

 Nevertheless, appellant offered no evidence suggesting that trial counsel did
not have a sound trial strategy in not objecting to the testimony. Without evidence
in the record, we cannot speculate as to trial counsel's strategy. Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no writ). Appellant has failed
to meet his burden to show that his counsel was ineffective.

 We overrule appellant's sole point of error.

 We affirm the judgments.


 Sherry Radack

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.
1. ' 
 
2. 
 

 Mayes told Trooper Williams that the Mustang was registered to
someone different from the person appellant had indicated was the
owner;
 that a DPS dispatcher told Trooper Williams that the car was the same
one referred to in an earlier dispatch involving drug trafficking;


 

 that other troopers told Trooper Williams that they were unable to locate
the person appellant said owned the car;
 that Mayes told Trooper Williams a different story than appellant told
about why they were in Houston and why they were towing the car;
 that Mayes told Trooper Williams that she did not know appellant's
birthday;
 that a dispatcher told Trooper Williams that appellant did not have a
driver's license in either Georgia or Alabama; and 
 Trooper Williams stated that Mayes was making plans for someone to
pick up her child.