In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00320-CR
____________

DeCARLOS MONTRAY GARRETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 886344




MEMORANDUM OPINION
           DeCarlos Montray Garrett, appellant, was charged by indictment with aggravated
robbery. Appellant entered a plea of not guilty. The jury found appellant guilty of
aggravated robbery and his punishment was assessed at 99 years confinement. Appellant
claims his trial counsel was ineffective in three instances: (1) counsel opened the door to
evidence of a harmful extraneous offense during the State’s case-in-chief, (2) counsel failed
to request notice from the State of its intent to introduce extraneous-offense evidence, and
(3) counsel failed to request a burden-of-proof instruction regarding extraneous-offense
evidence in the jury charge during the punishment phase of trial.
Discussion
           Appellant’s sole point of error contends that the cumulative effect of trial counsel’s
errors denied him the effective assistance of counsel. Appellant points to three instances that
he believes rise to the level of ineffective assistance of counsel. 
Standard of Review
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
sixth amendment and (2) but for the counsel’s error, the result of the proceedings would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d at 812;
Gamble, 916 S.W.2d at 93. 
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813;
Gamble, 916 S.W.2d at 93. 
           The record is silent as to why appellant’s trial counsel (1) asked the State’s witness
about the debt he owed to appellant, (2) did not request notice from the State of its intent to
introduce extraneous-offense evidence, and (3) did not request a burden-of-proof instruction
regarding extraneous offense evidence. See Gamble, 916 S.W.2d at 93. To find that trial
counsel was ineffective based on the asserted grounds would call for speculation, which we
will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble,
916 S.W.2d at 93.Conclusion
           We affirm the trial court’s judgment.
 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).