Opinion issued September 18, 2003






















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00898-CR




JOSE JESUS NAVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 879813




MEMORANDUM OPINION
           Appellant, Jose Jesus Nava, was charged by indictment with aggravated robbery. 
Appellant pleaded not guilty. A jury found appellant guilty as charged and assessed
punishment at confinement for 20 years. 
BACKGROUND
           While complainant, Arturo Alacon, was stopped at a gas station to cash a check, an
unknown man approached him and asked for a ride to his cousin’s house to get money for
gasoline for his “ice cream” van, which was parked nearby. When Alacon told the man 
“no,” the man brandished a knife and forced his way into the passenger side of Alacon’s
truck. The unknown man then whistled, and appellant also got into the truck. Appellant and
the other man then forced Alacon to drive behind an apartment complex, where they choked
and stabbed Alacon. The assailants took Alacon’s wallet, $800 in cash, a cellular phone, and
Alacon’s truck. Alacon called the police from a gas station, and Officer W.L. Gant
responded, finding Alacon disoriented and bleeding from a cut to his hand. 
           Detective Kirk Bonsal was assigned to the case. He learned that the ice cream van
was parked in a motel parking lot and went to the parking lot to verify the report. At trial,
Bonsal testified as follows: 
Bonsal:I saw a van with a broken window and ice cream sticker parked
in front of the motel of 124 and 123 [sic]. 
 
. . .
 
Bonsal:After looking at the van, I left out of the area, met with the
supervisor. . . . I left the area and asked the auto theft supervisor
and some of the auto theft detectives to watch the van, to do
surveillance on the vehicle. 
 
Prosecutor:And what did that surveillance turn up?
 
Bonsal:Uhm, a person left the motel room, entered the van and drove
off. 
 
Prosecutor:And what actions, if any, those of the surveilling officers? 
 
Bonsal:A marked police unit was called to the area to pull the van over,
make a traffic stop. 
 
Prosecutor:And did you go to that traffic scene?
 
Bonsal:No, I did not. 
 
Prosecutor:Based on your conversations with the officers, did you learn
who was driving that van? 
 
Bonsal:Yes. 
 
Prosecutor:Do you see that person in the court room? 
 
Bonsal:Yes. [Bonsal identified appellant.] 

           . . .
 
Prosecutor:Once he was stopped on traffic, what was done with him? 
 
Bonsal:At that point, he was brought to the Pasadena Police Station. 
 
Prosecutor:When you say brought to, was he under arrest? 
 
Bonsal:Yes, he was. 

           In a single point of error, appellant complains that he was denied the effective
assistance of counsel when his attorney did not object to testimony that he was arrested in the
suspect van. Appellant contends that the testimony was inadmissible hearsay. 
DISCUSSION
Standard of Review
           The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). See
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State, 726
S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under the
sixth amendment, and (2) but for the counsel’s error, the result of the proceedings would
have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson, 9 S.W.3d
at 812; Gamble, 916 S.W.2d at 93. 
Analysis
           It is the defendant’s burden to prove ineffective assistance of counsel. Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. Defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered sound
trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813;
Gamble, 916 S.W.2d at 93. 
           Appellant did not file a motion for new trial. The record is silent as to why counsel
did not object to the testimony of Bonsal. See Gamble, 916 S.W.2d at 93. To find that trial
counsel was ineffective based on the asserted grounds would call for speculation, which we
will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.1994); Gamble, 916
S.W.2d at 93. 
           We overrule appellant’s sole point of error and affirm the judgment. 
 
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley. 

Do not publish. Tex. R. App. P. 47.2(b).