Opinion issued March 25, 2004
















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00572-CR
NO. 01-03-00573-CR




DAMEON CORTEZ WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause Nos. 933465, 934738




MEMORANDUM OPINION
          Appellant, Dameon Cortez Williams, was charged by indictment with the
commission of two aggravated robberies. Appellant entered a guilty plea without
recommendation to the court and received a sentence of 40 years’ confinement. In
one point of error, appellant asserts that he received ineffective assistance of counsel,
which resulted in his involuntary plea. We affirm.
BACKGROUND
          Appellant engaged in unsuccessful plea negotiations with the State before trial. 
Specifically, appellant declined a plea bargain of 18 years’ confinement. On April
8, 2003, appellant’s counsel requested that appellant’s decision to decline the plea be
placed in the record and that the “only place we can go is a plea without
recommendation to the court.” The trial judge indicated that, upon his understanding
of the prosecution’s recommendation and that of appellant’s counsel, he would assess
punishment at 25 years’ confinement if appellant entered his two pleas of guilty. The
judge also stated that, while the decision was appellant’s to make, “there are a whole
lot more numbers from 25 to 99 than there are numbers from 15 to 25.” Appellant
opted to take the case to trial rather than to accept the plea bargain. The trial was set
for April 9.
          On April 9, before the start of voir dire, appellant decided to plead guilty. He
waived formal reading of the indictments, pled guilty to both of the charges, and
answered “true” to the allegations in the enhancement paragraph. The trial judge
admonished appellant about the consequences of his plea, asking appellant whether
he had been promised anything in order to make him plead and informing appellant
of the range of punishment for the offenses. Appellant agreed, in response to a
question from the court, that he was entering his pleas of guilty without an agreed
recommendation and that there had been no agreement with the district attorney’s
office regarding punishment in his case. When appellant was asked whether he was
entering his plea convinced that the court was going to give him 25 years in the
penitentiary, appellant replied that he was not. The judge further stated that he
viewed appellant’s decision to decline the offer the previous day as a rejection and
that he was not “married” to the previous offer. Appellant indicated that he
understood that he was starting anew in regards to his potential sentence. The trial
court, after accepting appellant’s plea and hearing from one witness, assessed
punishment at 40 years’ confinement. 
          Appellant raised the issue of ineffective assistance of counsel in a motion for
new trial.
DISCUSSION
          Appellant, in his sole point of error, asserts that he received ineffective
assistance of counsel because he was induced to enter a guilty plea based on
erroneous advice regarding the plea agreement. Appellant argues that his attorney
believed that there was a commitment from the judge to honor the 25-year sentence
discussed the previous day and that his agreement to the plea was based on this belief. 
Appellant’s assertion that his counsel was ineffective was raised in his motion for
new trial.
Standard of Review
          We review a trial court’s denial of a motion for new trial for abuse of
discretion. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). The trial
court is given great deference and may be overruled only if its decision is arbitrary
or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The
standard of review for evaluating claims of ineffective assistance of counsel is set
forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92,
93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). An appellant must show that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment


, and (2) but for counsel’s error, the result of the
proceedings would have been different. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Thompson, 9 S.W.3d at 812; Gamble, 916 S.W.2d at 93. It is the defendant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
          In the present case, appellant was extensively admonished by the court, which
informed appellant of the full range of punishment and the possible consequences of
his pleas. The court further informed appellant that it did not feel bound by the 25-year sentence discussed the previous day. The court, in fact, stated that it felt that
appellant had rejected the 25-year plea agreement and that he was “starting from
square one” and appellant stated that he understood that he was starting anew. 
          This court has held that the second prong of Strickland is not met when, after
being advised in open court that all punishment options are available and no promises
have been made, the defendant agrees to plead guilty. Messer v. State, 757 S.W.2d
820, 827-28 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d); see also Hernandez
v. State, 84 S.W.3d 26, 35 (Tex. App.—Texarkana 2002, pet. ref’d). Therefore, 
appellant failed to prove the second prong of Strickland. We hold that the trial court
did not err in denying appellant’s motion for new trial. 
 
 
 
 
CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).