Opinion issued June 3, 2004
 


 













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00386-CR




RAYMOND AYALA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 937112




MEMORANDUM OPINION
          Appellant, Raymond Ayala, pled not guilty to the offense of murder. A jury
found him guilty as charged in the indictment and assessed his punishment at
confinement for life. In four points of error, appellant contends that the trial court did
not state the reasonable doubt standard correctly during voir dire, that the trial court
should have instructed the jury on the meaning of proof beyond a reasonable doubt
in the jury charge, and that his trial counsel was ineffective at the guilt-innocence and
punishment stages of trial. Appellant also states that he adopts and incorporates by
reference any arguments presented by his co-defendant Raul Reyes on appeal that do
not conflict with the points of error presented. We affirm.
BACKGROUND
          On the morning of February 27, 2002, Hector Subia and Joshua Mares were in
a nightclub together. They got into a fight with Raul Reyes and some of his
associates.


 As Subia and Mares drove away, they were followed by a car, which they
believed was occupied by Reyes. They heard gunshots and bullets strike their car. 
They believed that Reyes, or others in his car, fired the shots.
          The next day, Mares called Eriberto Suarez and told Suarez that Reyes had shot
his car. Suarez met Mares and looked at the bullet holes in Mares’s car. They then
drove to Joseph Carrizales’s house, where Mares parked in the driveway and Suarez
parked behind him. After spending some time at Carrizales’s house, Suarez pulled
his car out of the driveway to allow Mares to leave. While Suarez pulled out, he
looked in his rear view mirror and saw a Hispanic man with a white T-shirt wrapped
around his face running toward Mares’s car, firing a pistol. Mares got out of his car
and started running away from the shooter, but fell down and was shot several times. 
          Subia heard five or six gunshots from inside the house. After hearing the
gunshots, Subia rushed out of a side door in the garage. Subia testified that when he
came around in front of the house, he saw appellant running through the front yard
with a pistol in his hand. Appellant had a white shirt around his neck that made it
look like he was trying to cover his face. Appellant stopped, pointed the gun at
Subia, and said, “What’s up, mother fucker,” and then ran away. Suarez testified that
appellant ran to a Ford Escort and got into the back seat.Subia saw Mares lying on the sidewalk with bullet wounds to the head, back,
and leg. Mares was trying to breathe, but was choking on his own blood. Subia did
not see appellant shoot Mares, nor did he see a car leaving the scene or Reyes. 
Someone called the police and an ambulance. The paramedics attending to Mares gave Subia his necklace, and Subia took Mares’s cellular phone out of his pocket.
          Suarez testified that he called Mares’s cellular phone to tell him that he was
following the Ford Escort. Suarez saw the faces of both the shooter and the driver of
the Escort. At trial, Suarez identified Reyes as the driver of the Escort and appellant
as the shooter. Suarez also identified both Reyes and appellant in a photograph
lineup. Christopher Caldwell, a friend of Mares who also knew Reyes and appellant,
testified that appellant had told him that he had shot Mares in the chest and that
appellant had laughed at the television report of the murder and otherwise showed no
remorse.
DISCUSSION
Voir Dire
          In his first point of error, appellant asserts that the trial court erred by giving
an improper definition of reasonable doubt during voir dire. After explaining to the
voir dire panel how the reasonable doubt standard is different from “beyond all
doubt” or “beyond a shadow of a doubt,” the judge stated:
One of the Supreme Court justices said one time, “It’s kind of like
pornography. You don’t know how to define pornography, but you
know it when you see it.” And that’s the same way with beyond a
reasonable doubt.

          Appellant asserts that this statement was an improper standard. He did not
object to this statement at the time it was made, but, claims that the trial court’s
statement was fundamental error, thus negating any need for a contemporaneous
objection. We have reviewed the statements appellant complains of in the context of
all of the statements and comments made by the trial judge in his discussion of
reasonable doubt. We hold that the trial court did not commit error. We overrule
appellant’s first point of error.
Jury Charge
          In his second point of error, appellant asserts that the trial court should have
given an explanation of the term “reasonable doubt” in the jury charge. Appellant
admits that, due to the holding in Paulson v. State, no definition or explanation of the
term “reasonable doubt” is required to be in the court’s charge, but argues that
Paulson was wrongly decided. Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim.
App. 2000). However, because Paulson is controlling, we overrule appellant’s
second point of error.
Ineffective Assistance of Counsel
          Appellant, in his third and fourth points of error, asserts that his trial counsel
rendered ineffective assistance at both the guilt-innocence and punishment stages of
trial. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
(2) but for counsel’s error, the result of the proceedings would have been different. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). 
          It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
          Regarding the guilt-innocence phase, appellant contends that his trial counsel
was ineffective because he did not object to the trial court’s phrasing of the
reasonable doubt standard in voir dire, did not object to the omission of the
reasonable doubt standard in the jury charge, and did not object to evidence of
witness intimidation.



          Regarding the punishment phase, appellant asserts that his trial counsel was
ineffective because he did not object to evidence presented about gang affiliation or
present evidence that could have called for a lesser sentence.
          The record is silent as to why appellant’s trial counsel did not object to the
court’s phrasing of the reasonable doubt standard in voir dire, did not object to not
including the reasonable doubt standard in the jury charge, did not object to testimony
of witness intimidation, did not object to evidence presented about gang affiliation
and did not present certain evidence that could have called for a lesser sentence. See
Gamble, 916 S.W.2d at 93. To find that trial counsel was ineffective based on the
asserted grounds would call for speculation, which we will not do. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93. We
overrule appellant’s third and fourth points of error.
Incorporation by Reference
          Appellant, in his fifth point of error, states that, pursuant to Tex. R. App. P. 9.7,
he adopts and incorporates by reference any points of error raised by Raul Reyes on
appeal that do not conflict with the points raised in his brief. Rule 9.7 states that any
party may join in or adopt by reference all or any part of a brief, petition, response,
motion, or other document filed in an appellate court by another party in the same
case. We have no record of an appeal from Raul Reyes to this court. 
          We overrule appellant’s fifth point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).