Opinion issued June 10, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00098-CR




RICKEY BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 897919




MEMORANDUM OPINION

          A jury convicted appellant Rickey Brown of burglary, found two enhancements
true, and assessed punishment at 60 years imprisonment. In two issues, Brown
contends that the trial court erred in admitting an in-court identification and that his
trial counsel rendered ineffective assistance of counsel. We affirm.
Background
          On December 30, 2001, as Laverna Ward stood in her kitchen, she noticed a
man removing things from a neighbor’s house and placing them in a Buick. She
watched him for approximately 20 minutes through her kitchen window, and from
outside the front door. She also drove by the Buick and wrote down its license plate
number. As she drove back to her house, the man turned around and looked at her. 
He drove away, and Ward called the police.
          When the police arrived, Ward provided the license plate number to the Buick
and a description of the burglar. She described him as a, “slim, brown skinned, black
fella” with gray clothes. About an hour later, the police returned with a suspect. 
Ward told the police that it was the same man who took items out of the neighbor’s
house earlier in the day. 
In-Court Identification
          Brown contends that the trial court erred in admitting Ward’s in-court
identification because it had been tainted by an impermissibly suggestive and
unreliable pretrial identification. Before trial, Brown filed a motion to suppress. The
trial court denied the motion, but agreed to carry it with the case. The court later
allowed Ward to testify at trial, after denying Brown’s renewed motion to suppress. 
          We review a trial court’s decision on a motion to suppress identification for
abuse of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). Under this standard, we defer to the trial court’s determination of historical
facts supported by the record, if the trial court’s fact findings are based on an
evaluation of credibility and demeanor of witnesses. Loserth v. State, 963 S.W.2d
770, 771 (Tex. Crim. App. 1998). We also defer to the trial court’s rulings on “mixed
questions of law and fact,” if resolution of those questions turns upon an evaluation
of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). We review de novo mixed questions of law and fact that do not rest upon an
evaluation of the witnesses. Id.
          When faced with a challenge to an out-of-court identification, a trial court
should review all of the circumstances surrounding the identification and determine
whether a procedure was unduly suggestive, and if so, whether it was conducive to
an irreparable mistaken identification, such that it denied the defendant due process
of law. Webb v. State, 760 S.W.2d 263, 272 (Tex. Crim. App. 1988). First, the trial
court should examine whether the identification procedure was impermissibly
suggestive. Barley v. State, 906 S.W.2d 27, 33–34 (Tex. Crim. App. 1995). If the
trial court determines that it was, then the court should consider the factors
enumerated in Neil v. Biggers to determine whether the suggestive procedure created
a substantial likelihood of irreparable misidentification. 409 U.S. 188, 199–200, 93
S. Ct. 375, 382–83 (1972). A defendant bears the burden to show both impermissible
suggestion and a substantial likelihood of misidentification by clear and convincing
evidence. See Barley, 906 S.W.2d at 33–34. The Texas Court of Criminal Appeals
has held that five non-exclusive Biggers factors should be “weighed against the
corrupting effect of any suggestive identification procedure in assessing reliability
under the totality of the circumstances.” Loserth, 963 S.W.2d at 778 (citing Biggers,
409 U.S. at 199, 93 S. Ct. at 382–83). These factors include: (1) the opportunity of
the witness to view the criminal at the time of the crime; (2) the witness’s degree of
attention; (3) the accuracy of the witness’s prior description of the criminal; (4) the
level of certainty demonstrated by the witness at the confrontation; and (5) the length
of time between the crime and the confrontation. Id.
          Each of the individual Biggers factors involve historical facts, and we review
the facts deferentially, in a light most favorable to the trial court’s ruling. Id. at 773. 
The application of these factors is a mixed question of law and fact that does not turn
on the credibility of the witnesses. Id. We thus review the trial court’s application
of the factors de novo. Id. at 773–74. 
          After Ward identified Brown as the burglar, Brown’s counsel cross-examined
her on voir dire. Ward stated that at the time she observed Brown from her home, she
could not get a good look at him. She saw him at much closer range when she drove
by the scene and he turned around and looked directly at her. When the officers
brought him back to the scene, Ward identified Brown as the burglar even though the
police had not yet asked her to identify him. She was “one hundred percent positive”
that it was the same man who had taken things earlier in the day. Brown’s counsel
also showed Ward a photo of another man and asked if she had seen this man take
things out of the house. Ward responded, “no.” 
          The State does not dispute on appeal that the identification procedure was
impermissibly suggestive. Rather, it contends that Brown failed to show that the
procedure used raised a substantial likelihood of irreparable misidentification. We
analyze the factors from Biggers to determine whether Brown has met his burden.
          Ward viewed Brown from her kitchen window, outside her front door, and
most importantly, she looked at him staring at her while she drove by to get the
license number of his car. Her opportunity to view Brown occurred over
approximately 20 minutes. Ward did not testify to doing other things while watching
Brown, other than the act of driving. Her attention was focused on Brown, as
demonstrated by her effort to seek out and write down his license plate. While
watching Brown, she wore glasses that give her 20/20 vision. 
          Ward’s initial description to police, although non-specific, was accurate. When
Brown returned to the scene, Ward was absolutely certain that it was Brown that had
burglarized the house. The identification took place not long after Ward viewed the
events at her neighbor’s house, as the record discloses that police officers found and
stopped Brown about fifteen or twenty minutes after a call went out. At the time
police stopped him, Brown was driving the Buick that Ward described to the police.
Our review of the evidence presented in support of the motion to suppress does not
raise a substantial likelihood that the pretrial identification tainted the in-court
identification. Accordingly, the trial court did not abuse its discretion in denying
Brown’s motion to suppress.
Ineffective Assistance Of Counsel
          Brown contends that his trial counsel rendered ineffective assistance in
allowing him to attend trial in the same clothes he wore when police arrested him.
Brown points out that two trial witnesses identified him by stating that he was
wearing the same clothes when he was arrested.
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986). 
Appellant must show (1) that counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the sixth amendment and (2) but for
counsel’s error, the result of the proceedings would have been different.” Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).
          Effective assistance of counsel does not mean errorless counsel. See Saylor v.
State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel
was ineffective, we consider the totality of the circumstances of the particular case. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the defendant’s
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. The defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 466
U.S. at 689, 104 S. Ct. at 2065. Assertions of ineffective assistance of counsel must
be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002). In the absence of a record of counsel’s reasoning, we generally presume that
appellant’s trial counsel had a plausible reason for his actions. Thompson, 9 S.W.3d
at 814.
          Even if we conclude that Brown’s trial counsel acted deficiently in this respect,
Brown must show that counsel’s deficiency prejudiced his defense. See Gamble, 916
S.W.2d at 93. Here, overwhelming evidence established Brown’s guilt. Ward
witnessed Brown while he removed items from a house. She recorded his license
plate and gave that information to the police. The police later found Brown and the
stolen items in the same vehicle that Ward saw leaving the scene of the burglary. 
After the police returned Brown to the scene, Ward identified him as the burglar. 
Ward also identified Brown at trial. We conclude that Brown has not shown that his
counsel’s action or inaction with regard to Brown’s attire prejudiced his defense.
 
Conclusion
          We conclude that the trial court did not err in admitting an in-court
identification and that Brown’s ineffective assistance claim is without merit. We
therefore affirm the judgment of the trial court.
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).