Opinion issued December 23, 2004



                                                    






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01323-CR




OTIS CLEMENT ALCORN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 02CR0557



 
MEMORANDUM OPINION
          Appellant, Otis Clement Alcorn, Jr., pleaded not guilty to two charges of
aggravated sexual assault of a child. When the State rested its case, the trial court
directed a verdict of not guilty as to one of the charges. After trial on the remaining
charge, the jury found appellant guilty and assessed punishment at 10 years in prison. 
In one issue, appellant contends that he was denied effective assistance of counsel
during the trial’s punishment phase. Specifically, appellant complains that his trial
counsel failed to request a hearing outside the jury’s presence before evidence of an
extraneous offense was heard. We affirm.
BACKGROUND
          During the punishment phase of the trial, the State elicited testimony from
another child regarding an extraneous offense. Appellant’s trial counsel did not
request that a hearing be held outside the presence of the jury. DISCUSSION
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the sixth amendment and (2)
but for the counsel’s error, the result of the proceedings would have been different. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
          Appellant asserts that he was denied effective assistance of counsel during the
punishment phase of his trial because his trial counsel made no request for a hearing
outside the jury’s presence before the State elicited testimony from another child
regarding an extraneous offense. 
          The record is silent as to why appellant’s trial counsel did not request a
hearing. See Gamble, 916 S.W.2d at 93. To find that appellant has met his burden
to overcome the presumption that the challenged action might be sound trial
strategy—and was, instead, ineffective assistance—would call for speculation, which
we will not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.1994);
Gamble, 916 S.W.2d at 93. Appellant’s sole issue is overruled.
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).