Opinion issued April 20, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00990-CR




OSCAR OSVALDO DUARTE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 979048




MEMORANDUM OPINION
          A jury convicted appellant, Oscar Osvaldo Duarte, of delivery of less than one
gram of cocaine and assessed punishment at 210 days’ confinement and a $200.00
fine. In three points of error, appellant contends (1) his trial counsel was ineffective,
(2) the State conducted improper voir dire, and (3) the State used evidence outside of
the record in closing argument during the punishment phase of trial. We affirm.
BACKGROUND
          On February 27, 2004, an undercover police officer pulled his car into a
parking lot of a nightclub and noticed appellant and another man sitting inside of a
car. The undercover officer parked near appellant’s car, and appellant got out of his
car and asked the officer what he was looking for. The officer indicated he was
looking for cocaine and handed appellant $20. Appellant handed the money to the
other man in appellant’s car, the passenger entered the nightclub, returned with the
cocaine, and handed it to appellant. Appellant then handed the cocaine to the
undercover officer. After the officer left the scene with the cocaine, he notified
nearby uniformed officers who arrested appellant for delivery of less than one gram
of cocaine.
INEFFECTIVE ASSISTANCE OF COUNSEL
          In his first point of error, appellant contends his trial counsel was ineffective
in filing an election requesting jury sentencing and a motion for community
supervision. Because this is a state jail felony under Section 12.35 of the Texas Penal
Code, appellant contends that the jury was precluded from recommending community
supervision under Article 42.12, section 4(d)(2) of the Texas Code of Criminal
Procedure.


 Appellant contends that filing these mutually exclusive motions
constituted ineffective assistance of counsel.



          Under Strickland v. Washington, to prevail on an ineffective assistance of
counsel claim, the applicant must show that (1) counsel’s performance was deficient
by falling below an objective standard of reasonableness and (2) there is a probability
sufficient to undermine the confidence in the outcome that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). We “indulge a strong presumption that counsel’s conduct falls
within the wide range of reasonable assistance,” and that “the challenged action
‘might be considered sound trial strategy.’” Strickland, 466 U.S. at 689, 104 S. Ct. at
2065 (citing Michel v. Louisiana, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1995)).
          Appellate review of defense counsel’s representation is highly deferential and
presumes that counsel’s actions fell within the wide range of reasonable and
professional assistance. Id. 466 U.S. at 690, 104 S. Ct. at 2066. An appellant must
overcome this presumption. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. See Thompson
v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). This Court will not engage
in speculation about trial counsel’s reasoning or strategy. See Bone, 77 S.W.3d at
835; see Gamble, 916 S.W.2d at 93. 
          Here, appellant has failed to show why trial counsel’s mere filing of potentially
inconsistent motions constitutes ineffective assistance of counsel. Trial counsel’s
actions may have been strategic in nature. By filing both motions, trial counsel
covered both options available to appellant, leaving the ultimate decision for a later
point in time, and appellant fails to show why this constitutes ineffective assistance
of counsel. Considering that appellant complains of the mere filing of the motions,
to hold trial counsel ineffective for these actions would call for speculation, which we
decline to do. See Bone, 77 S.W.3d at 835; see Gamble, 916 S.W.2d at 93. 
Accordingly, we overrule appellant’s first point of error.
JURY VOIR DIRE
          In his second point of error, appellant contends the State conducted improper
jury voir dire when it used a hypothetical fact situation in its voir dire where the
hypothetical was factually specific to the case on trial.


 Appellant did not object to
the alleged prosecutorial misconduct. By failing to object to the State’s voir dire
statements, appellant has presented nothing for review. See Jenkins v. State, 870
S.W.2d 626, 629 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Having failed to
preserve the alleged error, appellant presents nothing for review. Tex. R. App. P.
33.1(a). We overrule appellant’s second point of error.
JURY ARGUMENT
          In his third point of error, appellant complains that, during the punishment
phase of trial, the State improperly urged the jury to return a punishment verdict
based on evidence outside of the record. During argument, the State commented
“[y]ou also have to think about what this type of activity leads to in our community. 
And it’s okay to talk about those things when you’re back there deliberating. You
have drive-by shootings that are caused by drug trafficking and by the delivery of
drugs.” Appellant timely objected that the reference to drive-by shootings was
outside of the record, and the trial court overruled the objection. 
          Approved areas of general prosecutorial argument are (1) summation of the
evidence, (2) reasonable deduction from the evidence, (3) answer to argument of
opposing counsel, and (4) plea for law enforcement. Wesbrook v. State, 29 S.W.3d
103, 115 (Tex. Crim. App. 2000) (citing Hathorn v. State, 848 S.W.2d 101, 117 (Tex.
Crim. App. 1980)). We conclude the State’s argument amounts to nothing more than
a plea for law enforcement and are not improper. Morrow v. State, 757 S.W.2d 484,
494 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d) (finding the following
argument to be a proper plea for law enforcement: “when is the last time you talked
about the fact that drugs are killing this society? Figuratively and literally killing this
society.”); see also Shippy v. State, 556 S.W.2d 246, 257 (Tex. Crim. App. 1977)
(finding the following argument to be a proper plea for law enforcement in a capital
murder case: “we have got to deter other people who might commit burglary,
robberies, whatever crimes.”). We overrule appellant’s third point of error.
          Accordingly, we affirm the judgment of the trial court.


                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).