

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00105-CR

DEVIN EUGENE ROYAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 27,634

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On June 21, 2012, a jury found Devin Eugene Royal guilty of the murder of Javon Newman. The jury sentenced Royal to life imprisonment in the Texas Department of Criminal Justice–Correctional Institutions Division.[1]

On appeal, Royal argues that he was denied effective assistance of counsel because his trial counsel failed to object to testimony that Royal belonged to a gang or to subsequent comments about that testimony.

The particular situation about which Royal complains occurred during the examination of Raymond Curtis Ware, II, who had been called by the State as a witness during the guilt/innocence phase of the trial. Ware's testimony established that Ware and Royal had been simultaneously incarcerated in the Hunt County jail. Ware had been called to testify concerning some statements Ware said had been made by Royal during that incarceration. During direct examination by the State, the following exchange occurred:

> Q.     Did [Royal] tell you -- Well, you say he was really talking to somebody else.
>
> A.     He was talking to Terrence. That was his home boy. It was like OG or something. They were both bloods.
>
> Q.     Just tell the jury what is an OG or a blood?
>
> A.     I guess blood is a gang member. He's a member.

---

[1]Royal's punishment was enhanced due to repeat-offender status.

This reference to Royal's participation in a gang did not lie isolated. During its closing arguments, the State made reference to this testimony regarding Royal's membership in a gang as follows:

> And then all of this, all these ingredients created one dangerous person. All of these elements, doing the street life thing. And you remember the testimony, he's a member of the bloods. That was the testimony from the guy yesterday, Mr. Wear [sic]. Gang life, he does that. First degree murder of Javon Newman.

Royal contends that he was denied effective assistance of counsel because his trial counsel failed to object to Ware's testimony as it pertained to Royal's membership in a gang. Royal claims that this testimony was irrelevant pursuant to Rule 402 of the Texas Rules of Evidence and was impermissible character evidence prohibited by Rule 404 of the Texas Rules of Evidence.[2] The record reflects that trial counsel lodged no objection to this testimony, made no request for a limiting instruction, and did not demand a mistrial.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Royal must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) but for counsel's error, the result of the proceedings would have been different. *Id*. at 687–88; *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

However, since there was no motion for new trial filed and no evidence developed on this issue, the record is silent as to why counsel did not object to the gang membership testimony and

---

[2]Although Royal's brief refers to the gang membership testimony as evidence of an extraneous offense, "membership in a gang is not necessarily evidence of an extraneous offense." *Anderson v. State*, 901 S.W.2d 946, 948 (Tex. Crim. App. 1995).

whether this omission was a strategic or tactical decision. This silent record does not affirmatively support Royal's claim of ineffective assistance of counsel. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984).

There is a strong presumption that trial counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690. To prevail on an ineffective assistance of counsel claim, appellant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. *Id*. Assertions of ineffective assistance of counsel must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). In the absence of a record reference concerning counsel's reasoning, we must generally presume that appellant's trial counsel had a plausible reason for his actions. *Thompson v. State*, 9 S.W.3d 808, 816 n.3 (Tex. Crim. App. 1999). Royal has failed to provide us with any record from which we can conclude that his counsel did not have a plausible reason for not having raised an objection to that testimony.

One could take into account that many capable attorneys would consider that making an objection to such a passing mention of gang membership would have done more harm to Royal's cause than good and (despite possible instructions by a trial judge to the jury instructing it to disregard such a statement) would call undue attention to the statement. Those subscribing to this theory would likely hold the belief that going through the steps necessary to preserve error regarding the testimony would be tantamount to mankind asking Pandora to open the box a second time to ensure that any unreleased evil lurking behind in it might be freed. Royals' point of error is overruled.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     January 28, 2013
Date Decided:       January 29, 2013

Do Not Publish