**The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00544-CR**
**NO. 09-12-00545-CR**
**NO. 09-12-00546-CR**

_____

**KEVIN ARTHUR LARSON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-10-11018 CR (Counts I, II, III)**

**MEMORANDUM OPINION**

On motion for rehearing, we withdraw our opinion of December 18, 2013, and issue this substitute opinion.

Kevin Arthur Larson, Jr. appeals his convictions for tampering with physical evidence (Count I) (Appeal No. 09-12-00544-CR), burglary of a building (Count II) (Appeal No. 09-12-00545-CR), and evading arrest (Count III) (Appeal No. 09-12-00546-CR). *See* Tex. Penal Code Ann. § 30.02 (West 2011), §§ 37.09, 38.04

(West Supp. 2013).[1] The grand jury indicted Larson for tampering with physical evidence, burglary of a building, and evading arrest or detention with a vehicle. Larson pled guilty to all three offenses and pled true to four enhancement allegations. In Count I, the trial court found the evidence sufficient to find Larson guilty of the tampering with physical evidence, a third degree felony, which the court enhanced to a second degree felony. The trial court assessed punishment at ten years confinement. In Count II, the trial court found the evidence sufficient to find Larson guilty of burglary of a building, a state jail felony, which the trial court enhanced to a third degree felony. The trial court assessed punishment at ten years confinement for this offense. In Count III, the trial court found the evidence sufficient to find Larson guilty of evading arrest detention with a vehicle, a third degree felony, which the trial court enhanced to a second degree felony offense. The trial court assessed punishment for this offense at twenty years confinement.

Larson argues his convictions for burglary of a building and for evading arrest are void because the punishment exceeds that permitted by statute. Larson also argues he received ineffective assistance of counsel because his trial counsel failed to challenge his enhancements, which resulted in the trial court imposing

---

[1] We cite to the current version of section 38.04, as the amendments do not affect the issue set forth in this appeal.

illegal sentences. Larson presents no challenge on appeal of his conviction for tampering with physical evidence in Count I.

**I. Enhancement of Punishment:**
**Burglary of a Building**
**Count II**

In his first issue, Larson argues that the trial court unlawfully enhanced the punishment of his burglary of a building conviction in Count II. He contends that his sentence is illegal and therefore, void. The State responds that the trial court properly enhanced Larson's sentence because Larson used a deadly weapon–a vehicle–during the commission of the burglary.

Larson pled guilty to the offense of burglary of a building, which the trial court enhanced to a third degree felony after Larson pled "true" to four prior felony convictions, including solicitation of a minor to commit murder, possession of stolen property, taking a motor vehicle without permission, and attempting to elude police officers. Burglary of a building is a state jail felony, punishable by incarceration for not more than two years or less than 180 days, in addition to a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35(a), (b) (West Supp. 2013), § 30.02(c)(1) (West 2011). It is true that the punishment range for a state jail felony is enhanced to the punishment range for a third degree felony if it is shown that the defendant knowingly used or exhibited a deadly weapon during the

3

commission of the offense or during the immediate flight following the commission of the offense. *See* Tex. Penal Code Ann. § 12.35(c)(1). However, the trial court did not make a finding that Larson used a deadly weapon during the commission of the burglary of a building. Section 12.35 also provides for enhancement of punishment to a third degree felony if the defendant was previously convicted of one of several felonies identified in the statute. Tex. Penal Code Ann. § 12.35(c)(2). There is no evidence in the record that Larson has any felony convictions that qualify for enhancement under section 12.35(c)(2). Therefore, section 12.35 is not available to the State to enhance Larson's punishment for his burglary of a building conviction. However, section 12.425 of the Penal Code provides:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

Tex. Penal Code Ann. § 12.425(b) (West Supp. 2013). As noted above, the indictment alleged Larson had four prior felony convictions, which Larson admitted were true. Because Larson has two prior felony convictions, where one occurred subsequent to the first having become final, we conclude that Larson's

4

punishment range for a state jail felony is properly enhanced to the punishment range for a second degree felony. *See id.* We modify the judgment in Count II, Appeal No. 09-12-00545-CR, to remove "State Jail Enhanced to Fel 3" from the section of the judgment entitled "Degree of Offense[]" and substitute "State Jail Enhanced to Fel 2" in its place. The trial court assessed ten years of confinement, which is within the range of punishment for a second degree felony. *See* Tex. Penal Code Ann. § 12.33 (West 2011). We overrule Larson's first issue as it applies to his conviction for burglary of a building.

## II. Enhancement of Punishment:
## Evading Arrest or Detention with a Vehicle
## Count III

Larson also argues that the trial court unlawfully enhanced the punishment of his evading arrest or detention with a vehicle conviction in Count III. He contends that his sentence is illegal and therefore, void. The State responds that the trial court properly enhanced Larson's sentence because "[e]vading arrest is a third degree felony when the defendant uses a vehicle in the commission of the offense[]" and because Larson had a prior felony conviction, the trial court properly enhanced his punishment to a second degree.

Larson pled guilty to the offense of evading arrest or detention with a vehicle, as a third degree felony, which the trial court enhanced to a second degree

felony after Larson pled "true" to four prior felony convictions. Evading arrest or detention is a third degree felony if the defendant uses a vehicle while in flight. Tex. Penal Code Ann. § 38.04(b)(2)(A). Based on the record before us, we conclude that Larson was correctly charged with evading arrest or detention with a vehicle, as a third degree felony.

Section 12.42 of the Penal Code sets forth the penalties for repeat and habitual felony offenders on trial for a third degree felony. *See* Tex. Penal Code Ann. § 12.42 (West Supp. 2013). It provides:

> [I]f it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the second degree.

*Id.* § 12.42(a). Larson pled true to four enhancement allegations. The enhancement paragraphs in the indictment contained language that the prior convictions occurred subsequent to the other convictions becoming final, which increased Larson's punishment range for his evading arrest or detention with a vehicle from a third degree felony to a second degree felony. *See id.* Therefore, the trial court did not err in enhancing Larson's conviction from a third degree felony to a second degree felony in Count III. The trial court assessed twenty years of confinement, which is within the range of punishment for a second degree felony. *See* Tex. Penal

6

Code Ann. § 12.33. We overrule Larson's first issue as it applies to his conviction for evading arrest or detention with a vehicle.

### III. Ineffective Assistance of Counsel

Larson contends in his second issue that his trial counsel was ineffective because he failed to challenge the indictment's incorrect penalty range and enhancement allegations. The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* requires a two-step analysis whereby an appellant must show both that (1) his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for his counsel's unprofessional error, there is a reasonable probability the result of the proceedings would have been different. *Id.* at 687-88, 694; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). An appellant has the burden to prove ineffective assistance. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

Having concluded that Larson received sentences within the range of punishment for his offenses, we conclude that Larson cannot establish the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 694; *Perez*, 310 S.W.3d at 893. We resolve Larson's second issue against him.

We, therefore, modify the trial court's judgment in Count II, Appeal No. 09-12-00545-CR, to remove "State Jail Enhanced to Fel 3" from the section of the judgment entitled "Degree of Offense[]" and substitute "State Jail Enhanced to Fel 2" in its place and affirm the judgment as modified. We affirm the judgments in Count I, Appeal No. 09-12-00544-CR and Count III, Appeal No. 09-12-00546-CR.

COUNTS I AND III AFFIRMED.

COUNT II AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on December 2, 2013
Opinion Delivered January 29, 2014
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

8