Opinion issued November 4, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01135-CR




CARY EVAN GIAMALVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 939030




MEMORANDUM OPINION
          Appellant, Cary Evan Giamalva, pleaded not guilty to the felony offense of
assaulting a family member. A jury found appellant guilty, and the trial court, after
finding the enhancement allegation in the indictment to be true, assessed punishment
at 20 years in prison. In one point of error, appellant complains that he received
ineffective assistance of counsel. We affirm.
BACKGROUND
          On July 5, 2002, appellant and his estranged wife, Cathleen Giamalva, met at
a bar to discuss their marriage generally and, in particular, the pending assault
charges Cathleen had filed against appellant in Brazoria County, Texas. When
appellant suggested that they go to a motel, Cathleen refused and requested that
appellant take her home. After they left the bar, appellant assaulted her in his truck
by grabbing the back of her head while verbally abusing her. Appellant forced her
to return jewelry he had given her and, when she attempted to jump out of the truck,
pulled her back by her hair. Appellant pulled his truck into a gas station, pushed her
out of the vehicle and kicked her in the back with his boots while she lay on the
ground, then drove away. Cathleen called police from the gas station and the
responding officer found a torn-out clump of Cathleen’s hair at the scene.  
          At trial appellant stipulated to a prior conviction for assaulting Cathleen. 
During his testimony at trial, appellant also admitted to prior convictions for assault,
credit card abuse, aggravated assault, and the prior assault on Cathleen. In his
opening statement, appellant’s trial counsel discussed Cathleen’s vacillation on
whether or not to press charges against appellant. Cathleen subsequently testified that
she had been hesitant to press charges because appellant threatened to kill her son and
her father if she did. Appellant’s trial counsel did not object when Cathleen testified
on direct examination to the following: (1) that she had not really dated appellant
before they married because he was incarcerated at the time; (2) that appellant had
charges pending against him in Brazoria county for breaking into her father’s house
and threatening her; (3) that she was afraid of appellant because he had hurt her
before; (4) that appellant was a violent man who did not want to go back to prison;
(5) that she wouldn’t reveal the location of a women’s shelter because battered
women were killed by their spouses everyday; and (6) that she wanted to divorce
appellant because he would kill her if she didn’t get away from him. The prosecutor
asked Sergeant Edward Douglas, a Pasadena police officer, “So you find her to be a
credible witness?” Sergeant Douglas responded affirmatively and appellant’s trial
counsel did not object.DISCUSSION
          Appellant asserts that his trial counsel provided ineffective assistance of
counsel because he “failed to object to testimony regarding extraneous bad acts
allegedly committed by appellant and other inadmissible and prejudicial testimony.”
Specifically, appellant complains of his counsel’s failure to object to Cathleen’s
testimony about appellant’s character and prior bad acts, that his counsel’s opening
statement “opened the door” to Cathleen’s testimony about appellant’s threats against
the life of her father and son, and that his counsel failed to object when the prosecutor
asked Sergeant Douglas to give his opinion on Cathleen’s credibility. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the sixth amendment, and (2)
but for the counsel’s error, the result of the proceedings would have been different. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). It is the defendant’s burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. 
Defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 
          Appellant did not file a motion for new trial. The record is silent as to why
appellant’s trial counsel did not object to the testimony of Cathleen or Sergeant
Douglas and chose to address, in his opening statement, Cathleen’s initial hesitancy
to go forward with charges against appellant. See Gamble, 916 S.W.2d at 93. To find
that appellant’s trial counsel was ineffective based on the asserted grounds would call
for speculation, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App.1994); Gamble, 916 S.W.2d at 93.
           We overrule appellant’s sole point of error.
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Higley, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).