Opinion issued March 1, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00119-CR






THOMAS LEE WARD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 963737






MEMORANDUM OPINION

 Appellant, Thomas Lee Ward, was charged by indictment with aggravated
robbery, with one enhancement. A jury found appellant guilty as charged, found the
enhancement allegations true, and assessed punishment at confinement for 35 years. 
In his sole point of error on appeal, appellant complains that he received ineffective
assistance of counsel because his attorney had a conflict of interest. We affirm. 

BACKGROUND


 During the afternoon of the first day of appellant's trial, the jury retired from
the courtroom so that appellant's attorney could move for an instructed verdict. The
trial court denied the motion and the jury returned to the court room. The following
then transpired. 

 MS. BURTON (Counsel for appellant): May I approach,
Judge? 


 THE COURT: Uh-huh. 


 (Bench conference:) 


 MS. BURTON: He said he was going to the restroom. The
bailiff went in and he wasn't there. I don't know if he went on another
floor or what. That's the best I can tell the Court. 


 THE COURT: Okay.


 (Proceedings continued.)


 THE COURT: All right. Ladies and gentlemen, step back out. 
We're still dealing with an obvious issue here. 


 (Jury retired.) 


 THE COURT: All right. 

 [Discussion on the record regarding a potential witness.] 


 One more thing. Let the record reflect that we broke the trial at
3:20 for a short break for the Defense to make a Motion for Instructed
Verdict. Ms. Burton had made the Motion for Instructed Verdict. It
took about three or four minutes. I denied it. The Defendant indicated
that he - - to the bailiff that he was going to step outside. Ms. Burton
believed he was going to go to the restroom. Did he tell you that? 


 MS BURTON: Yes, Judge. 


 THE COURT: And he indicated to the bailiff that he wanted
to make a phone call or take a phone call and he stepped outside. It is
now 4:23. The Court was ready to resume trial within ten minutes of
breaking, but for the Defendant not being present. 

 Let the record further reflect that Ms. Burton has attempted to
reach him on his cell phone and that he answered at one time and she
told him to come back and that was approximately now 25, 30 minutes
ago. He has still not returned. And she reached him a second time and
told him to come back, and did he say he would? 


 MS. BURTON: Yes, Judge, he said he was coming back. 


 THE COURT: He said he was coming back. 


 MS. BURTON: It was about 15 minutes ago. 


 THE COURT: And that was about 15 minutes ago and the
Defendant has still not returned. 

 The Court makes a finding that the Defendant voluntarily
absented himself from these proceedings. The bathrooms have been
checked. The first floor has - - of this building has been checked, the
lobby area. The Defendant is nowhere to be found. The Court is issuing
a capias for his arrest. If he does return, he will be taken into custody. 
but at any rate - - 


 THE BAILIFF: I just wanted to add, Your Honor, that right
now the other bailiff is down in front of the courthouse building and is
going to go around the outer perimeter to assure that he's not
somewhere in the corner using the cell phone. 


 THE COURT: Okay. He's certainly - - and now the other
bailiff is back. 

 Were you able to find Mr. Ward? 


 THE BAILIFF: No, ma'am. 


 THE COURT: All right. The Court finds he's voluntarily
absented himself from the proceedings. I will make the finding known
to the jury and we will proceed onward. 

 Let's go. 


 [PROSECUTOR]: Judge, we move for bond forfeiture, too. 


 THE COURT: That's fine. 


 (Proceedings continued without Defendant.) 


 (Jury seated.) 


 THE COURT: Thank you. Be seated. 

 Ladies and gentlemen, the Court has found the Defendant has
voluntarily absented himself from the remainder of these proceedings,
at least at this time, and we will proceed. 


 The defense proceeded with its case and called a witness. The next morning,
appellant was in the courtroom, and after the trial court noted that fact on the record
before the jury was seated, no one made any further reference to appellant's absence.

DISCUSSION


 In his sole point of error, appellant contends that he "received ineffective
assistance of counsel when his attorney essentially became a witness against him,
informing the court that appellant had voluntarily absented himself from the trial,
then failing to object to continuing the trial in his absence." Appellant argues that his
"counsel had a conflict because of her professional obligation to be truthful with the
court, and any attorney's urge to remain on good terms with the court, as opposed to
her duty to her client." Appellant further argues that, because the jury was instructed
that he was voluntarily absent, they "almost certainly" took this as evidence of
appellant's guilt. Appellant maintains that he does not have to show harm because
harm is presumed when an attorney does not advance a client's interest. 

 To support his assertion that he does not have to show harm, appellant cites
Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708 (1980). In Cuyler, a case involving
multiple representation, the Supreme Court stated that "a defendant who shows that
a conflict of interest actually affected the adequacy of his representation need not
demonstrate prejudice in order to obtain relief." 446 U.S. at 349-50, 100 S. Ct. at
1719. However, the defendant must show that there is an actual conflict to benefit
from the presumption of prejudice. 446 U.S. at 349-50, 100 S. Ct. at 1719.

 In Monreal v. State, 947 S.W.2d 559 (Tex. Crim. App. 1997), the appellant
contended that he received ineffective assistance of counsel because his attorney's
personal interest was in conflict with the appellant's interest. Id. at 563. The court
stated that, to establish ineffective assistance of counsel, the appellant must show (1)
that there was an actual conflict of interest and (2) that the conflict adversely affected
counsel's performance. Id. at 564. The court determined that, because there was no
actual conflict of interest, the claim of ineffective assistance was governed by the
Strickland v. Washington test rather than the Cuyler v. Sullivan test. See Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Cuyler, 446 U.S. at 335, 100
S. Ct. at 1708. Thus, we must first determine whether counsel had an actual conflict
of interest. See Monreal, 947 S.W.2d at 564.

 Appellant argues that counsel's duty to be candid with the court and counsel's
interest in remaining on good terms and maintaining her reputation with the trial
judges was her reason for informing the trial court that her client was missing. There
is nothing in the record to support this argument. It was, no doubt, obvious to the
court, after a one-hour absence, that appellant was missing from the courtroom. In
addition, the trial court indicated that the bailiff had informed the court that appellant
had left the courtroom to make or take a telephone call. There is nothing in the record
to support appellant's speculation regarding counsel's motivation. Counsel's
explanation to the trial court could be interpreted as an assurance to the court that
appellant intended to return. We hold that appellant has not shown that counsel had
an actual conflict of interest in her representation of appellant. Therefore, we review
appellant's claim of ineffective assistance of counsel under the Strickland test, not the
Cuyler test. 

Ineffective Assistance of Counsel

 The standard of review for evaluating claims of ineffective assistance of
counsel, as set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
(1984), requires an appellant to show that (1) counsel's performance was so deficient
that she was not functioning as acceptable counsel under the Sixth Amendment, and
(2) but for counsel's error, there is a reasonable probability that the result of the
proceedings would have been different. Strickland, 466 U.S. at 687, 694, 104 S. Ct.
at 2064, 2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). It is the defendant's
burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Gamble, 916 S.W.2d at 93. Defendant must overcome the
presumption that, under the circumstances, the challenged action might be considered
sound trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson,
9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. 

 In this case, appellant cannot pass the first prong of the Strickland test. 
Appellant complains that counsel improperly informed the trial court that he was
missing, allowed the court to inform the jury that he was voluntarily missing, and
allowed the trial to proceed in his absence. Appellant contends that counsel should
have objected to the court's explanation to the jury and the court's decision to
proceed with the trial. To establish ineffective assistance of counsel for failure to
make an objection, an appellant must show that the overruling of the objection was
error. Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).

 There is no evidence in the record that counsel informed the trial court that
appellant was missing. The court could see that appellant had not been in the
courtroom for one hour. The court could have deduced that appellant's absence was
voluntary because he spoke to the bailiff on his way out to explain that he was going
to make or receive a telephone call. Although there is nothing in the record to explain
counsel's failure to object to the court's statement to the jury and the court's decision
to proceed, appellant has not overcome the presumption that, under the
circumstances, these decisions were sound trial strategy. Furthermore, appellant has
not shown that the trial court would have erred in overruling such objections, if they
had been made by counsel. 

 We hold that appellant has not established that he received ineffective
assistance of counsel. Accordingly, we overrule appellant's sole issue. 

CONCLUSION


 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b).