Opinion issued October
14, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00071-CR

———————————

ADRION VALERIO, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Case No. 1156659



 



 

MEMORANDUM  OPINION

          A jury found appellant, Adrion
Valerio, guilty of aggravated robbery, see
Tex. Penal Code Ann. §§
29.02(a)(2), 29.03(a)(2) (Vernon 2003), and assessed punishment at 15 years in
prison.  Based on the language of the
indictment and the jury’s guilty finding, the trial court included a
deadly-weapon finding in the judgment.  In
one issue, appellant asserts that he was denied effective assistance of counsel
at trial. 

          We affirm.  

Background

          The complainant, Robert Garcia, was
working on his car in the parking lot of his apartment complex.  A white Ford Explorer pulled into the lot and
parked three spaces away from Garcia. 
Two men got out of the Explorer and approached appellant.  One of the men, later identified as
appellant, had a shotgun.  The men took
Garcia’s wallet and demanded his car keys. 
Although the keys were in his car, Garcia lied and said the keys were in
his apartment.  

Garcia got
to his apartment first and tried to shut the door, but the two assailants stuck
the shotgun in the doorway, preventing the door from closing.  Garcia managed to close the door, and the
assailants headed back to the parking lot. 
Garcia looked out the window and saw one of the assailants point a
handgun at him.

The assailants
then realized that the keys were in Garcia’s car.  Appellant started the car, but after it
stalled a couple of times, he abandoned it and ran off on foot.  

During the
incident, appellant’s wife had called the police.  When the officers arrived, Garcia gave them a
description of the assailants and their vehicle. The responding officers began
patrolling the area near Garcia’s apartment complex looking for the two
assailants.  

A short
time later, one of the officers spotted a white Explorer approximately one mile
from the apartment complex.  The officer initiated
a traffic stop of the vehicle.  Another
officer, Harris County Sherriff’s Deputy J. Laird, responded to assist in the
traffic stop and investigation.  

The
officers discovered four people in the Explorer: appellant, Brian Ayala, a
woman, and a seven-month-old baby.  Because
Garcia had reported that the assailants were armed, the officers did a pat-down
search of appellant and Ayala.  The
officers found shotgun shells in appellant’s and Ayala’s pockets.  The two men were handcuffed and separated.  

          The officers then conducted a
“protective sweep” of the Explorer.  In
plain view, the officers found a handgun and a large combat knife in the center
console.  The officers also recovered
clothing from the vehicle that matched Garcia’s description of the clothing worn
by the assailants.  The officers did not
find a shotgun in the Explorer.  

          Garcia came to the scene and viewed
appellant and Ayala.  Garcia identified
the two men as the assailants who had robbed him earlier in the evening.  Garcia also specified which assailant had
carried which weapon during the robbery. 
Deputy Laird then asked appellant and Ayala where the shotgun was that
had been used in the robbery.  Neither
man responded to the question.  The
police searched the area and recovered a shotgun near the entrance of the
apartment complex.  

          Appellant and Ayala were each charged
with aggravated robbery.  The two were
tried together, each represented by his own counsel.  Both men were found guilty of the offense of
aggravated robbery.  Ayala was sentenced
to five years in prison.  Appellant was
sentenced to 15 years in prison. 
Appellant did not file a motion for new trial. 

          Appellant now appeals his
conviction.  In one issue, appellant
contends that he received ineffective assistance of counsel at trial.

Ineffective
Assistance of Counsel

A.      Applicable
Legal Principles

          The Sixth Amendment to the United
States Constitution guarantees the right to reasonably effective assistance of
counsel in criminal prosecutions.  See U.S.
Const. amend. VI.  To show
ineffective assistance of counsel, a defendant must demonstrate both (1) that
his counsel’s performance fell below an objective standard of reasonableness
and (2) that there is a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068
(1984); Andrews v. State, 159 S.W.3d
98, 101–02 (Tex. Crim. App. 2005).  

An appellant
bears the burden of proving by a preponderance of the evidence that his counsel
was ineffective.  Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Id. at 813.  We presume that a counsel’s conduct falls
within the wide range of reasonable professional assistance, and we will find a
counsel’s performance deficient only if the conduct is so outrageous that no
competent attorney would have engaged in it.  Andrews,
159 S.W.3d at 101.

In most ineffective-assistance-of-counsel
cases, the record on direct appeal is not developed and does not adequately
reflect the alleged failings of trial counsel.  Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  This is particularly true when the alleged
deficiencies are matters of omission and not of commission that are shown in
the record.  Id.  In such cases, the
record is best developed in a hearing on a motion for new trial or on
application for a writ of habeas corpus.  See id.

B.      Analysis

          Appellant contends that he received
ineffective assistance of counsel at trial because his defense attorney did not
object when the State elicited testimony from Deputy Laird, during the State’s
case-in-chief, regarding appellant’s post-arrest silence.  Deputy Laird testified that, after Garcia had
positively identified the men as his assailants, he asked appellant and Ayala
where the shotgun was located.  The
prosecutor followed-up by asking Deputy Laird whether the two men had indicated
where the shotgun was located.  At that
point, Ayala’s attorney objected arguing that such testimony would contain hearsay
and would violate his client’s Miranda rights.  The trial court overruled the objection.  Deputy Laird testified that appellant and
Ayala did not give him any indication where the shotgun was located.  Appellant’s defense counsel did not object to
this testimony.

          On appeal, appellant argues that his
counsel’s failure to object to Deputy Laird’s testimony amounted to ineffective
assistance of counsel.  Appellant
contends, “Appellant received ineffective assistance of counsel when his
attorney failed to object to evidence that violated appellant’s state
constitutional right to remain silent.”  

The United
States Supreme Court held in Doyle v.
Ohio that the federal Due Process Clause prohibits the cross-examination of
a defendant concerning his silence after he has been arrested and given Miranda warnings.  426 U.S. 610, 619, 96 S. Ct. 2240, 2245
(1976).  This prohibition serves to
prevent a jury from drawing inferences of guilt from a defendant’s decision to
remain silent after being told he has a right to remain silent.  See id.
 The same consideration bars the
prosecution from using evidence of such silence as part of its case-in-chief
against the defendant.  Stroman v. State, 69 S.W.3d 325, 331 (Tex. App.—Texarkana 2002, pet. ref’d).  

A defendant’s rights with regard to
post-arrest silence are broader under our state constitution.  Article I, section 10 protects a defendant
from compelled self-incrimination from the moment an arrest is effectuated.  Sanchez
v. State, 707 S.W.2d 575, 579–80 (Tex. Crim. App. 1986); see Tex.
Const. art. I, § 10.  That
provision protects a defendant’s post-arrest silence regardless of whether he
has been informed of his right to remain silent.  See
Sanchez, 707 S.W.2d at 582.  As a result, the State may not refer to or
admit in evidence the fact of a defendant’s silence if such silence occurs
after the defendant has been arrested, notwithstanding the fact that he had not
been advised of his rights at that time. 
See id. at 579.

Here, the
parties dispute whether appellant was under arrest at the time he failed to
indicate to Deputy Laird where the shotgun was located.  We need not resolve that issue, however, to
resolve the issue of whether appellant received effective assistance of counsel
at trial.  

This case demonstrates the
inadequacies that are inherent in evaluating ineffective assistance claims on
direct appeal when the appellant did not file a motion for new trial.  Here, the record does not show why
appellant’s trial counsel did not object to Deputy Laird’s testimony regarding appellant’s
silence with respect to the location of the shotgun.  Any possible trial strategy is not
revealed.  

Because the record is silent, we
cannot determine whether trial counsel’s inaction was grounded in sound trial
strategy.  See Jackson, 877 S.W.2d at 771. 
In the absence of direct evidence of counsel’s reasons for the
challenged conduct, an appellate court will assume a strategic motivation if
any can be imagined.  See Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001); see also Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.) (presuming reasonable trial strategy supported failure to
object in face of silent record).  

Appellant takes the position that no
possible plausible trial strategy can be imagined for counsel’s failure to
object.  We disagree. 

We note
that courts have posited that counsel may choose not to object to testimony revealing
a defendant’s post-arrest silence to create the appearance that the defense is being
open and completely honest with the jury. 
See, e.g., Stroman v. State, 69
S.W.3d 325, 332 (Tex. App.—Texarkana 2002, pet. ref’d) (noting that counsel’s
failure to object to police officer’s testimony regarding defendant’s
post-arrest silence may have constituted trial strategy to appear open and
honest with jury); Ahmadi v. State,
864 S.W.2d 776, 783 (Tex. App.—Fort Worth 1993, pet. ref’d) (indicating that failure to object to
prosecutor’s use of post-arrest silence was sound trial strategy).   A plan to appear open and honest
with the jury constitutes reasonable strategy.  See
Thomas v. State, 886 S.W.2d 388, 392 (Tex. App.—Houston [1st Dist.] 1994,
pet. ref’d) (“[T]rial counsel’s decision not to object to improper testimony
can be a plausible trial strategy when counsel desires to create the appearance
of being open and completely honest with regard to all questions.”).

Because the
record is silent regarding why counsel did not object, and a plausible trial
strategy can be imagined, appellant fails to overcome the presumption that
counsel exercised reasonable professional judgment when he did not object to Deputy
Laird’s testimony.  See Thompson, 9 S.W.3d at 814.  On this record, appellant has not met his
burden to show that counsel’s assistance fell below an objective standard of
reasonableness.  See id.  Appellant has failed
to satisfy Strickland’s first prong; thus,
we need not consider the second prong.  See Strickland, 466 U.S. at 697, 104 S. Ct.
at 2069.

We overrule
appellant’s sole issue.




 

Conclusion

We affirm
the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice 

 

Panel consists of Justices Keyes, Higley, and Bland

Do not publish.   Tex. R.
App. P. 47.2(b).