Opinion issued November 4, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00523-CR

———————————

TERRELL KUYKENDALL, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 339th District Court

Harris County, Texas



Trial Court Case No. 1125393

 



 

MEMORANDUM OPINION

Appellant, Terrell
Kuykendall, without an agreed punishment recommendation from the State, pleaded
guilty to the offense of manslaughter,[1] and the trial court
assessed his punishment at confinement for seven years.  In his sole issue, appellant contends that his
trial counsel provided ineffective assistance of counsel.

We affirm.

Factual Background

          A
Harris County grand jury issued a true bill of indictment, accusing appellant of
committing the offense of manslaughter by unlawfully and recklessly causing the
death of the complainant, Torrick Betties, by discharging a firearm in a public
place.  Appellant and his trial counsel
signed his plea of guilty and the admonishments, and the trial court reset the
matter for a pre-sentence investigation (“PSI”) hearing.  At the PSI hearing, appellant testified that he
had acquired a firearm from a person named “James,” but it was broken, so he
had returned it to James to repair it.   After James had attempted to repair the firearm,
appellant went to an apartment complex where James lived to retrieve the firearm.  After retrieving the firearm, appellant went
to the breezeway of the apartment complex “to make sure it worked this
time.”  He tried to shoot the firearm
several times, but it did not work.  He looked
at the firearm, and, “before [he] knew it,” “it shot [him] in the hand.”  Appellant then saw that the same bullet that
had injured him also injured the complainant, who had been standing in the area.  Appellant “got scared,” ran upstairs to tell
his girlfriend to call for emergency assistance, and then “ran” from the scene.  Appellant explained that he and the
complainant were friends and co-workers, there was no ill will between the two,
and he did not intend to shoot anyone.

          Craig
Bass, a friend of both appellant and the complainant, testified that he witnessed
the shooting.  He saw appellant come down
the stairs at the apartment complex, raise the firearm to the sky, and try to
shoot it three times to see if it worked, but it did not work.  Appellant then looked at the gun, and it
“went off.”  Appellant said that a bullet
hit him in the hand, and Bass and others in the area checked to see if they had
been shot.  Then, the complainant, who
was standing a few steps away from appellant, said, “you shot me,” walked a few
more steps, and fell to the ground. Bass explained that, at the time that
appellant attempted to shoot the firearm, there had been “a lot of people”
standing in the apartment complex breezeway because it was “the most used
breezeway that people go in.”  He stated
that appellant had not purposefully aimed the gun at anyone.  

Ineffective Assistance of Counsel

In his sole issue, appellant argues
that his trial counsel rendered ineffective assistance because counsel
“presumably” advised him to plead guilty to the offense of manslaughter and,
“if [counsel] had researched the manslaughter cases involving the use of a
firearm, [counsel] would have certainly realized” that the case against
appellant lacked any evidence of recklessness, which is an element of the
offense of manslaughter.    

In order to prove an ineffective
assistance of counsel claim, appellant must show that his trial counsel’s
performance fell below an objective standard of reasonableness and, but for
counsel’s unprofessional error, there is a reasonable probability that the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984);
Andrews v. State, 159 S.W.3d 98, 102
(Tex. Crim. App. 2005).  A reasonable
probability is a “probability sufficient to undermine confidence in the
outcome.”  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  In reviewing counsel’s performance, we look to
the totality of the representation to determine the effectiveness of counsel,
indulging a strong presumption that his performance falls within the wide range
of reasonable professional assistance or trial strategy.  Robertson
v. State, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006); Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  A failure to make a showing under either prong
defeats a claim of  ineffective
assistance.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Allegations of ineffectiveness must
be firmly founded in the record.  See Bone
v. State, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002).  When the record is silent, we may not
speculate to find trial counsel ineffective.  Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.).  In the absence of evidence of counsel’s
reasons for the challenged conduct, an appellate court commonly will assume a
strategic motivation if any can possibly be imagined, and will not conclude the
challenged conduct constituted deficient performance unless the conduct was so
outrageous that no competent attorney would have engaged in it. Garcia v. State, 57 S.W.3d 436, 440
(Tex. Crim. App. 2001).  

Here, appellant did not file a
motion for new trial, and there is nothing in the record to indicate why
appellant chose to plead guilty to the offense of manslaughter.  Thus, there is no evidence that appellant’s
trial counsel actually advised appellant to plead guilty.  Appellant’s counsel on appeal acknowledges
that there is no evidentiary record and merely asserts that appellant
“plead[ed] guilty to manslaughter presumably
on the advice of counsel.”  (Emphasis
added.)  Appellant’s appellate counsel also
agrees that there is no evidentiary record. 
Even though counsel asserts that appellant, at the time he entered his
plea of guilty, was 18, had a tenth grade education, and suffered from severe
learning disabilities, appellant’s counsel does not directly challenge the plea
on these grounds.  He concedes that an evidentiary
hearing would be required because “[trial] counsel’s shortcomings in this
regard are admittedly not apparent from an examination of the record.”  Moreover, appellant, in the admonishments
signed by him, agreed that he was mentally competent, understood the nature of
the charge and the consequences of his plea, and freely, knowingly, and
voluntarily executed his plea.  

In sum, without any record
evidencing that appellant’s trial counsel actually advised appellant to plead guilty
to the offense of manslaughter, we cannot hold that trial counsel’s performance
fell below an objective standard of reasonableness.  See
Hernandez v. State, No. 03-98-00345-CR, 1998 WL 853051, at *1 (Tex. App.—Austin
Oct. 22, 1998, no pet.) (mem. op., not designated for publication) (noting that
appellant had not filed a motion for new trial and, thus, no record was
developed, so court could not determine “why appellant chose to plead guilty,”
“whether other incriminating facts were disclosed to counsel by the
prosecutors,” “if there were other considerations that caused counsel to
recommend a guilty plea,” whether  counsel even “advised appellant to plead
guilty at all,” or whether “appellant’s decision to enter his plea was based
entirely or in significant part on counsel’s advice that he do so”).

We overrule appellant’s sole issue.

 

 

 

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Sharp.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 19.04
(Vernon 2003).