

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-14-00085-CV

## IN THE INTEREST OF R.A.D.G., A CHILD

---

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 07-000031-CV-361

---

## MEMORANDUM OPINION

---

Rene G. appeals from a judgment that terminated his parental rights to his child, R.A.D.G. TEX. FAM. CODE ANN. § 161.001 (West 2011). Rene complains that he received ineffective assistance of counsel because his trial counsel did not ensure the attendance of his wife and mother at the final hearing and did not file a written, verified motion for continuance asking for additional time to secure the attendance of those witnesses. Because we find that the Rene has not met his burden to establish that his trial counsel was ineffective, we affirm the judgment of the trial court.

In parental rights termination cases, the Texas Supreme Court has adopted the *Strickland* test that establishes the standards for effective assistance in criminal cases.

*See In re M.S.*, 115 S.W.3d 534, 544-45 (Tex. 2003) (*citing Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984)). "Under the well-established *Strickland* test, proving ineffective assistance of counsel requires a showing that (1) counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (*quoting M.S.*, 115 S.W.3d at 545). If both prongs of the *Strickland* test are not met, an appellant's ineffective assistance of counsel claim fails. *See In re M.S.*, 115 S.W.3d at 545; *see also Strickland*, 466 U.S. at 700.

Under the first prong, the appellant must establish that trial counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Trial counsel's conduct constitutes ineffective assistance only if the challenged conduct is so outrageous that no competent attorney would have engaged in it. *See In re M.S.*, 115 S.W.3d at 545; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under the second prong, an appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In evaluating trial counsel's performance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *In re M.S.*, 115 S.W.3d at 545. An appellant bears the burden to overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. When the record is silent concerning the reasons for trial counsel's actions, we do not engage in speculation to find ineffective assistance of counsel. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 623 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (*citing Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.)). Accordingly, ineffective assistance claims must be firmly founded in the record, and the record must affirmatively show the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (*quoting Thompson*, 9 S.W.3d at 814).

Miranda S. filed a petition seeking to terminate Rene's parental rights in September of 2013. Rene filed an answer. Miranda requested a final hearing setting with forty-five days' notice in early December of 2013, which was set for February 18, 2014. On that date, the trial court appointed an attorney to represent Rene and reset the final hearing to March 7, 2014. The hearing was reset and heard on March 11, 2014. Rene had been bench warranted back from prison for the final hearing.

Rene was serving a six year sentence in prison for the offense of indecency with a child. Rene had originally received deferred adjudication community supervision for the offense, but was adjudicated and eventually revoked due to subsequent criminal activity, including using drugs, driving while intoxicated, and assaulting his current wife.[1]

At the start of the hearing on March 11, at Rene's request, his trial counsel made an oral motion for continuance because his mother and current wife were not present. Rene's trial counsel stated that she found out the night before the final hearing that Rene's current wife had a doctor's appointment on March 11 to have stitches removed from a caesarian section she had two weeks before the final hearing. The trial court denied the motion as being untimely and proceeded with the hearing. Later, during Rene's testimony, the trial court asked him if he knew where his wife was at that time and he did not. His trial counsel explained that she had spoken with Rene's wife the previous evening and that she could not reschedule the appointment. His trial counsel did not know whether or not she could have waited to get the stitches removed at another time. Nothing was said by either Rene or his trial counsel regarding his mother's whereabouts.

The trial court heard evidence from Miranda and Rene and spoke with R.A.D.G. outside of the presence of the parties and attorneys the day after the hearing. The trial

---

[1] Rene does not challenge the legal or factual sufficiency of the evidence supporting the termination of his parental rights.

court then signed an order granting the termination and then appointed new counsel for Rene for purposes of appeal. Rene filed a notice of appeal prior to the signing of the order but did not file a motion for new trial.

Because Rene did not file a motion for new trial or otherwise give his trial counsel an opportunity to explain any trial strategy or any reasons for the unavailability or failure to subpoena Rene's mother and current wife, we will not speculate as to any reasoning. Based on the record before us, we do not find that Rene has met his burden to establish that his trial counsel's actions were so outrageous that no competent attorney would have engaged in it by failing to subpoena witnesses. *See In re M.S.*, 115 S.W.3d at 545.

Additionally, we do not find that Rene has met his burden to establish that Rene's trial counsel's failure to file a written, verified motion for continuance constituted defective performance either. The record establishes that the trial court did not deny the motion on the basis that it was not written but because it was not timely. Further, Rene has not shown that had a written motion been filed that the result would have been any different. Rene has not met his burden to establish both prongs of *Strickland* and therefore, his claim of ineffective assistance of counsel cannot be sustained. We overrule Rene's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.[2]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed October 2, 2014
[CV06]



---

[2]　In this proceeding the appellant was determined to be indigent and allowed to proceed without the advance payment of cost. *See* TEX. R. APP. P. 20.1. The ability to proceed without the advance payment of cost does not, however, mean that the cost is not owed by an unsuccessful appellant. *See In re McGowan*, No. 10-10-00208-CV, 2010 Tex. App. LEXIS 5046 (Tex. App.—Waco June 30, 2010, orig. proceeding) (mem. op.). Because we have affirmed the judgment of the trial court, and thus ruled against the appellant in this appeal, the judgment of the Court will award the appellee the appellate cost paid by the appellee, if any, and all unpaid cost of the appeal will be taxed against the appellant. The Clerk of this Court is hereby ordered to write off all unpaid filing fees for this proceeding from the accounts receivable of the Court. The write off, however, in no way eliminates or reduces the fees owed by the appellant pursuant to the Court's judgment.

In the Interest of R.A.D.G., a Child